## CIRCUIT COURT OF LOUDOUN COUNTY

Fox Seko Construction, Inc.

v.

Poulin Construction, Inc.,
and Richard Poulin

November 19, 1991

Case No. (Law) 11685

BY JUDGE JAMES H. CHAMBLIN

This case was tried without a jury on November 12, 1991. At the end of the plaintiff's case, the plaintiff ("Fox Seko") moved for a partial summary judgment, and the defendants ("Poulin Construction" and "Poulin") moved to strike the plaintiff's evidence. Both motions were taken under advisement. Thereafter, the defendants put on evidence. The plaintiff put on no rebuttal evidence.

After hearing the argument of counsel, the Court ruled from the bench that the property of Fox Seko was converted but took under advisement the damages attributable to such conversion, whether Poulin Construction or Poulin, or both, are liable for such conversion and what are the off-sets to which Poulin Construction is entitled. The Court also ruled from the bench that no fraud has been proven by clear and convincing evidence because the evidence raised no firm conviction that Poulin knowingly and intentionally misrepresented to Jeffrey Roberts, president of Fox Seko, that the original check has been dishonored twice by the bank on which it was drawn. The bank had made a mistake in giving that information to Poulin's wife, and Roberts made a mistake in believing that it had happened.

Although not addressed directly from the bench, I am of the opinion that the evidence presented by Fox Seko did not support the implied contract allegations of Count III of the Motion for Judgment.

If there was an implied contract requiring Poulin to return the original check to Fox Seko, it was not a promise not to present the check for payment as alleged in the motion for judgment but a promise to return the check to Fox Seko after it was returned to Poulin by his bank.

This is not a case of unjust enrichment which is more of an equitable remedy. In this case, when Poulin did not return the funds that were credited to the account of Poulin Construction when he became aware that the original check had been paid and credited to his account and when Fox Seko demanded the funds be returned, the funds were converted. As of that time, neither Poulin Construction nor Poulin had a claim of title to or possession of these funds. The failure to return the funds ($18,701.95) on February 24, 1990 (when Poulin became aware of the funds being in the Poulin Construction account) constitutes a conversion of $18,701.95.

There is no conversion of a check involved in this case. The property converted was the sum of $18,701.95 which was by mistake credited to the bank account of Poulin Construction. One does not need to argue whether the original check was converted or the second check was converted because the conversion did not take place until the failure to return the duplicate payment of $18,701.95 (which was already credited to the account of Poulin Construction). Therefore, the case of *American National Bank of Portsmouth v. Ames*, 169 Va. 711 (1938) (conversion of commercial paper), is not applicable. The plaintiff's damages are, very simply, $18,701.95, the amount converted from it. For this reason, the motion to strike is denied. It is also denied because there was no evidence presented by the plaintiff from which the Court could find any off-set to the amount converted. The Court agreed with the defendants that the letter of February 23, 1990 (Plaintiff's Exhibit No. 3), would not be admitted for the truth of the amounts stated therein but only for the purpose of notice to the defendants of the mistaken payment of both checks.

The defendants objected to the Court granting the plaintiff partial summary judgment based on the answers of Poulin Construction to interrogatories which state that the plaintiff is entitled to $5,195.36 (see answer to Interrogatory No. 5 dated August 28, 1991) because the answers were not admitted into evidence. I do not agree with the defendants. Under Rule 3:18 any party may make a motion for sum-

mary judgment after the parties are at issue, and it may be based on any admission in the proceedings. Answers to interrogatories are certainly part of the proceedings, and the answer to Interrogatory No. 5 is an admission. Therefore, Fox Seko is entitled to partial summary judgment against Poulin Construction in the amount of $5,195.36. Fox Seko is not entitled to a partial summary judgment against Poulin because he did not adopt or ratify the answers of Poulin Construction. Answers of one defendant to interrogatories are not binding on another defendant absent adoption or ratification.

Poulin received the second check for the benefit of Poulin Construction from Fox Seko under a mutual mistake of fact, i.e., that the first check had been dishonored twice and would not be presented again for payment. Before it was determined by any of the parties that the first check had been paid, the second check had been deposited by Poulin to the account of Poulin Construction. Once the bank credited the funds from the second check to the account, the funds came under the dominion and control of Poulin Construction. Therefore, the failure to return the funds and the resultant conversion was caused solely by the corporation. This creates liability on the part of Poulin Construction, and not Poulin.

Off-sets to the liability of Poulin Construction to Fox Seko arise out of four contracts. Each is addressed below.

### 1. *Rohm & Haas*

Fox Seko is not entitled to the back charges of $556.00 because it did the work before the time expired for Poulin Construction to do the work. By the punchlist dated November 6, 1989, Poulin Construction was given two weeks by Fox Seko to complete the punchlist items. Fox Seko's records show that the work was done on November 13 and 16, 1989, which is within the two-week period.

### 2. *Ryan Homes*

Poulin Construction is liable for the back charge of $767.00 because it ran the risk of non-acceptance by the owner of the project when it bid the job based on a tile not called for in the plans. The owner did not accept the tile as installed by Poulin Construction. Therefore, it is liable for its replacement. Poulin Construction did not dispute the amount of the back charge for replacement. Fox Seko did not agree with Poulin Construction that the tile included in its bid was acceptable but only agreed to check into it.

### 3. *Signet Bank*

Poulin Construction is not entitled to the extra of $168.00 for repairs around certain grills because it did not follow the terms of the contract in presenting the claim to Fox Seko. As to the back charges, Fox Seko is entitled to all of them as claimed, except $26.00 for trash removal as it occurred before the punchlist for the job was issued. The evidence did not support a finding of the existence of all the excuses presented by Poulin Construction for its failure to do the work which it was back charged by Fox Seko.

### 4. *Perpetual Bank*

$1,335.00 of the extras of $2,766.20 claimed by Poulin Construction is owed to it by Fox Seko. The claim and the denial properly followed the contract. The other extras claimed by Poulin Construction in the amounts of $1,422.00, $308.00, and $420.00 are not owed by Fox Seko because of the failure of Poulin Construction to comply with the terms of the Contract relating to demands for payment and the failure of the evidence to show an agreement between the parties as to these items. The back charges of $483.00 claimed by Fox Seko are denied (except for $57.00 which Poulin conceded was owed) because they all represent claims for work done before the punchlist for the job was issued.

### 5. *Summary of Off-Sets*

As a result of the above findings, Poulin Construction is owed the following by Fox Seko:

| | |
|---|---|
| Rohm & Haas | $8,400.00 |
| Ryan Homes | $32,876.00 |
| Signet Bank | $21,096.86 |
| Perpetual Bank | $20,088.00 |
| Total | $82,460.86 |

The evidence was uncontradicted that Fox Seko had paid Poulin Construction a total of $93,292.56. Therefore, Poulin Construction is liable to Fox Seko in the amount of $10,831.70. Additionally, Poulin Construction is liable for interest on this amount from February 24, 1990, the date on which it became aware of the payment of both checks.

The sum of $10,831.70 includes, and is not in addition to, the sum of $5,195.36 for which Poulin Construction is held liable pursuant to the motion for partial summary judgment.