584 S.E.2d 176

Margaret A. HUBBARD, Plaintiff
below, Appellee,

v.

STATE FARM INDEMNITY COMPANY,
et al., Defendants below, Appellants.

No. 31031.

Supreme Court of Appeals of
West Virginia.

Submitted April 8, 2003.

Decided June 13, 2003.

Joseph J. John, John Law Offices, Wheeling, Paul R. Cranston, Cranston & Edwards, Morgantown, for the Appellee.

R. Carter Elkins, Laura L. Gray, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for the Appellants.

DAVIS, J.:

State Farm Mutual Automobile Insurance Company (hereinafter "State Farm Mutual") and State Farm Indemnity Company (hereinafter "State Farm Indemnity") appeal a

decision of the Circuit Court of Ohio County. They assert the circuit court erred in applying Rule 60(b) of the West Virginia Rules of Civil Procedure to their motions to reconsider partial summary judgment orders against them entered in favor of Margaret A. Hubbard (hereinafter "Ms. Hubbard"). After reviewing the briefs, examining pertinent authorities and hearing the arguments of counsel, we find that the circuit court erred in applying Rule 60(b) to the motions to reconsider. Thus, we reverse and remand to the circuit court to consider the merits of the reconsideration motions.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Gregory Alli was a New Jersey resident suffering from mental problems. Gregory took a car belonging to his parents and drove it to West Virginia from New Jersey. After being arrested in West Virginia, Gregory was placed in St. Joseph's Hospital in Parkersburg for observation. He was subsequently released to his parents (hereinafter "the Allis") who had driven to West Virginia to pick up Gregory. While returning to New Jersey with Gregory, the Allis stopped at the Ellenboro Exxon to retrieve the car Gregory had originally taken. At the Exxon, Gregory stole a car belonging to Exxon employee Roy Pitts. The car was insured under an insurance policy issued by State Farm Mutual, one of the appellants herein. Gregory, who apparently was able to take the Pitts car because the keys had been left in the ignition, drove to Wheeling. During a pursuit by the Wheeling Police, Gregory collided with a car driven by Ms. Hubbard.

Ms. Hubbard sued Gregory and the Allis.[1] The vehicle the Allis used to drive from New Jersey to West Virginia to pick-up Gregory was insured by State Farm Indemnity, the second appellant in this appeal. However, State Farm Indemnity did not tender a defense to the Allis. Ms. Hubbard received a

1. Ms. Hubbard also sued Mr. Pitts, as well as the Exxon station owner and the City of Wheeling. Mr. Pitts was dismissed under West Virginia Rule of Civil Procedure 12(b)(6). The Exxon station owner was dismissed under West Virginia Rule of Civil Procedure 56. The City of Wheeling was voluntarily dismissed by joint stipulation under West Virginia Rule of Civil Procedure 41.

default judgment against Gregory and the Allis. The Allis then entered into an agreement, assignment, and covenant not to execute with Ms. Hubbard under which the Allis and Gregory permitted judgment to be taken against them for $300,000 plus related costs, expenses, attorneys fees and interest. The Allis also assigned to Ms. Hubbard any claims they had against State Farm Indemnity or any other insurance company. In exchange, Ms. Hubbard agreed not to execute the judgment nor to report it to any credit agency or public official in New Jersey.

Ms. Hubbard then twice amended her complaint ultimately adding the Allis as plaintiffs and naming State Farm Mutual and State Indemnity as defendants.[2] In her ultimate complaint, Ms. Hubbard sought a declaratory judgment against State Farm Mutual alleging that the State Farm Mutual insurance policy insuring the Pitts car provided coverage to Gregory Alli since Mr. Pitts impliedly permitted Gregory to take the car by leaving the keys in it, thus triggering the policy's permissive user coverage. Ms. Hubbard sought declaratory judgment against State Farm Indemnity (under her assignment of rights from the Allis) because the State Farm Indemnity provided insurance coverage for accidents resulting from the use of the insured vehicle. Ms. Hubbard alleged that because Gregory escaped from the Allis' State Farm Indemnity insured vehicle to steal the Pitts car, then the State Farm Indemnity insured vehicle was used in a course of events resulting in Gregory's accident with Ms. Hubbard. Ms. Hubbard also brought a bad faith claim against both State Farm Mutual and State Farm Indemnity.

State Farm Mutual and State Farm Indemnity respectively filed separate motions for summary judgment. These motions for summary judgment related only to the coverage issues and duty to defend issues; but, not to the bad faith claim. Ms. Hubbard filed a single cross-motion for summary judgment against both State Farm Mutual and State Farm Indemnity relating "to the coverage and duty to defend issues." On July 3, 2000, the circuit court denied State Farm Mutual's motion and granted summary judgment to Ms. Hubbard. The circuit court found that State Farm Mutual was obligated to defend Gregory under the terms of the Pitts policy.[3] The July 3 order specifically provided that "[t]he Court did not hear argument on the remaining issues in the parties' Motions for Summary Judgment and d[id] not rule on them at [that] time."

On November 28, 2000, the circuit court denied State Farm Indemnity's motion for summary judgment and granted Ms. Hubbard judgment against State Farm Indemnity in the amount of $300,000. The November 28 order found State Farm Indemnity liable on the failure to defend and bad faith count, but reserved ruling on the issue of damages related to the bad-faith claim. The November 28 order was not directed toward adjudicating any liability concerning State Farm Mutual and, indeed, was entitled "ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST STATE FARM *INDEMNITY* COMPANY."[4] (Emphasis added).

More than a year later, on July 13, 2001, State Farm Mutual filed a "motion to reconsider" the order of July 3, 2000. In support of its motion, State Farm Mutual cited our opinion in *State ex rel. Crafton v. Burnside*, 207 W.Va. 74, 528 S.E.2d 768 (2000), which held that the circuit court enjoyed "inherent power to modify an interlocutory decision" and that "[a] motion for reconsideration is not analyzed by the standard enunciated in

**2.** Ms. Hubbard also included as a defendant "State Farm Mutual Insurance Company and State Farm Indemnity Company d/b/a State Farm Insurance Companies."

**3.** The circuit court concluded that by leaving his keys in the car, Mr. Pitts impliedly permitted Gregory to take the Pitts car, thus triggering the permissive user coverage in the policy. The circuit court also found that public policy demands that the statutory minimum of coverage under the financial liability act should apply notwithstanding the coverage limitation to permissive users.

**4.** Likewise, the very first sentence of the November 28 order provides "[t]he Plaintiffs and Defendant State Farm *Indemnity* Company have filed cross motions for summary judgment concerning State Farm *Indemnity's* coverage and duty to defend in this case." (Emphasis added).

Rule of Civil Procedure 60(b), but instead is based upon the Court's inherent power 'to afford such relief from interlocutory judgments ... as justice requires.'"[5] On October 10, 2001, State Farm Indemnity also filed a motion to reconsider arguing that the circuit court had inherent power to reconsider the court's November 28, 2000, granting of summary judgment against it to Ms. Hubbard.

By order of December 7, 2001, the circuit court found the July 3 order interlocutory. The circuit court reasoned that "all the issues of liability were not resolved by this Order, and thus not dispositive on all the claims of liability that appeared before the Court at that time[,]" and that the circuit court could not "overlook the express exclusion of consideration of all remaining legal issues presented to the Court." However, the circuit court went on to conclude that "[u]pon review of the November 28, 2000 Order, the Court hereby finds and concludes as a matter of law that the Order is wholly dispositive of all issues in this case and represents a final order."[6] The circuit court therefore analyzed the two motions to reconsider under Rule 60(b) of the West Virginia Rules of Civil Procedure. Notwithstanding that the circuit court found that State Farm Mutual's arguments "present interesting and, arguably, compelling points of law" and "that there may indeed be merit to the arguments[,]" it denied both motions. In doing so, the circuit court applied Rule 60(b) of the West Virginia Rules of Civil Procedure and determined that the two motions for reconsideration were not timely filed and that, as a result, it lacked "jurisdiction and/or standing to hear the merits of each of the motions for reconsideration."

State Farm Mutual and State Farm Indemnity then filed an original jurisdiction petition for prohibition before this Court, which we refused without prejudice. They subsequently filed this appeal asserting that the circuit court erred in finding that the July 3 and November 28 orders were final orders and in analyzing the motions to reconsider under Rule 60(b) rather than under the court's inherent power.

## II.

### STANDARD OF REVIEW

■ In this case, the circuit court construed State Farm Mutual's motion for reconsideration as a Rule 60(b) motion and denied the motion. However, we are not constrained by the characterization of the circuit court and will apply the proper analysis. *See Shaffer v. Charleston Area Med. Center Inc.,* 199 W.Va. 428, 433, 485 S.E.2d 12, 17 (1997) (noting that we are not bound by the labels used below and that we will apply an appropriate legal analysis). The question actually posed to this Court challenges whether the circuit court was correct in applying Rule 60(b). In other words, we are asked if the circuit court applied the correct legal standard. Having so recognized in the past, we now hold that the determination of whether a circuit court applied the proper legal standard "is a question of law we review *de novo*." *Wheeling Park Comm'n v. Hotel & Res. Employees,* 198 W.Va. 215, 220–21, 479 S.E.2d 876, 881–82 (1996). *See also United States v. Huddleston,* 194 F.3d 214, 218 (1st Cir.1999) ("We review de novo the contention that the district court applied an incorrect legal standard."); *Devaney v. Continental Am. Ins. Co.,* 989 F.2d 1154, 1159 (11th Cir.1993) ("We review *de novo* ... claims ... that the court applied an erroneous legal standard ....") Having clarified the mode for our review, we turn to the substantive issues at hand.

---

5. By this time, Judge Risovich, who had originally been assigned as judge in this case and who had rendered the July 3 and November 28 orders, had been succeeded by Judge Mazzone.

6. Although together the July 3 and November 28 orders adjudicated liability against State Farm Mutual and State Farm Indemnity on the coverage and duty to defend issues, neither the July 3 nor November 28 order adjudicated the bad faith claim against State Farm Mutual. We also note that while the November 28 order did find State Farm Indemnity liable for bad faith, the November 28 order specifically reserved the issues of damages flowing from State Farm Indemnity's bad faith. In this respect, the order stated that the damages would be "determined by a Court or a Jury at a later time."

## III.

## DISCUSSION

In this case, we are presented with two defendants who each had partial summary judgment entered against them. Each defendant filed a separate motion for reconsideration of the particular summary judgment entered against it. The circuit court concluded that the first summary judgment order, which was entered against State Farm Mutual on July 3, 2000, was purely interlocutory. The circuit court then concluded that the summary judgment entered against State Farm Indemnity on November 28, 2000, was a final order dispositive of all the issues in the case. The circuit court reasoned that the July 3 order was rendered final by the November 28 order. Consequently, the circuit court determined that it could address the two motions to reconsider only under Rule 60(b) of the West Virginia Rules of Civil Procedure,[7] as they had been filed outside the time limits contained in Rule 59(e) of the West Virginia Rules of Civil Procedure.[8] In deciding whether the circuit court was correct in its decision to apply Rule 60(b) to the

two motions for reconsideration at issue in this appeal, we must determine (1) whether the November 28 order addressed only to State Farm Indemnity may be used to impose finality on the July 3 interlocutory order against State Farm Mutual; and, (2) whether the November 28 order was indeed final. We consider each of these issues in turn.

### A. July 3 Summary Judgment Order Against State Farm Mutual

In the order presented for our review, the circuit court expressly concluded that the July 3 partial summary judgment order entered against State Farm Mutual was a purely interlocutory order.[9] However, the circuit court went on to conclude that the finality of the subsequent November 28 summary judgment order against State Farm Indemnity rendered the July 3 order final. From a practical stand-point, then, the circuit court effectively imputed an order against one party upon an earlier unrelated order against another party to render the earlier order final. We find this process troubling.

7. Rule 60(b) provides:

   *Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a

defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

8. Rule 59(e) provides that "[a]ny motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."

9. Ms. Hubbard, however, asserts that the July 3 order was final given that it adjudicated liability against State Farm Mutual. As the circuit court recognized in its order denying reconsideration, the July 3 order expressly left open the parties' remaining issues in the summary judgment motions. The order then specifically directed the parties to set another hearing date if they were unable to resolve the remaining issues. We agree with the circuit court that the July 3 order cannot be read as indicating finality. *See State ex rel. Consol. Coal Co. v. Clawges*, 206 W.Va. 222, 228, 523 S.E.2d 282, 288 (1999) (per curiam) (circuit court's determination that its order was not final was properly based upon fact that there was "considerable litigation left in the case[.]")

For the sake of our analysis, we will, for the moment, assume without deciding that the November 28 order was indeed a final order. The record does reveal, however, that the issue of bad faith remained pending against State Farm Mutual following entry of the November 28 order. Consequently, to the extent we assume the November 28 order was final, that finality necessarily arises under Rule 54(b) of the West Virginia Rules of Civil Procedure.[10] Having assumed that the November 28 order was final, we consider the propriety of imposing the finality of such an order entered against one defendant onto an unrelated order against another defendant.

■ The law has long held that separate defendants must be treated separately. In rulings and proceedings, defendants are entitled to preserve their separateness and to not be conflated together. Thus, actions of one defendant in the course of litigation normally cannot be imputed to other defendants. *See, e.g.,* Syl. pt. 3, *Stillwell v. City of Wheeling*, 210 W.Va. 599, 558 S.E.2d 598 (2001) ("Where a party is sued on a theory of vicarious liability arising from the negligence of an independent contractor, that party is entitled to defend on the basis that the independent contractor was not negligent, notwithstanding the entry of a default judgment against the independent contractor. However, the default judgment against the independent contractor remains in full force and effect regardless of the outcome of the litigation on the issue of his or her negligence."); *John T. Brady and Co. v. City of Stamford*, 220 Conn. 432, 452, 599 A.2d 370, 379 (1991) ("As a general matter, because identity of

interest is not to be presumed, separate defendants (or plaintiffs) are entitled to be treated as separate parties for purposes of cross-examination."); *Chromacolour Labs, Inc. v. Snider Bros. Prop. Mgt. Inc.*, 66 Md.App. 320, 330, 503 A.2d 1365, 1370 (1986) (citing cases) ("The default of one defendant, although an admission by it of the allegations in the complaint, does not operate as an admission of such allegations as against a contesting co-defendant even though the defendants may be inextricably joined."); *Fox Seko Constr., Inc. v. Poulin Constr., Inc.*, 28 Va. Cir. 1, 3 (Loudoun County 1991) ("Answers of one defendant to interrogatories are not binding on another defendant absent adoption or ratification."); *Hudson Supply & Equip. Co. v. Rob't B. Heap, Inc.*, 25 Va. Cir.204, 204 (Loudoun County 1991) ("Admissions by one defendant cannot be used as the basis for summary judgment against another defendant.")

■ Indeed, the law's recognition of treating separate defendants separately extends to entry of judgement orders. For example, we have held that in order to be valid, a judgment order must name the party against whom the judgment is entered as "[a] judgment that does not show for and against who it is is void for uncertainty." Syl., *Ferrell v. Simmons*, 63 W.Va. 45, 59 S.E. 752 (1907). It has been recognized that " 'when two or more defendants are sued and the judgment for plaintiff runs against only one, it is necessarily in favor of the other.' " *Amerson v. Christman*, 261 Cal.App.2d 811, 822, 68 Cal.Rptr. 378, 386 (1968) (quoting *George v. Bekins Van & Storage Co.*, 83 Cal.App.2d 478, 482, 189 P.2d 301, 304 (1948)).[11] Conse-

---

10. Rule 54(b) provides:

*Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

We further discuss Rule 54(b) in the next section of this opinion.

11. Likewise, the rule extends to the appellate forum. "Where parties to an action stand upon distinct and unconnected grounds, their rights being separate and not equally affected by the same decree, the appeal of one will not bring up for adjudication the rights of the other." Franklin D. Cleckley, et al., *Litigation Handbook on*

quently, we hold that where a case involves multiple defendants, and a partial summary judgment order that is a final order pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure has been entered exclusively against one defendant, the finality of that order may not be imputed upon an earlier interlocutory order granting partial summary judgment exclusively against a separate defendant.

■ In the present case, the November 28 order was expressly directed only to State Farm Indemnity and not State Farm Mutual,[12] adjudicated only issues relating to State Farm Indemnity and none relating to State Farm Mutual and did not discuss the issue of finality at all. Indeed, State Farm Mutual, and State Farm Indemnity insured two separate and distinct interests; State Farm Mutual and State Farm Indemnity behaved below as two separate and distinct defendants (to include filing two separate and distinct motions for summary judgment); and the circuit court treated State Farm Mutual and State Farm Indemnity as two separate defendants when adjudicating the motions for summary judgment. Thus, the supposed finality of the November 28 order directed to State Farm Indemnity may not be imputed upon the July 3 order pertaining to State Farm Mutual. Consequently, the July 3 order remains interlocutory.

### B. November 28 Summary Judgment Order Against State Farm Indemnity

We next turn to the November 28 order.[13] Because the November 28 order did not fully

adjudicate the bad-faith claims against State Farm Indemnity, the finality of the November 28 order hinges upon Rule 54(b) of the West Virginia Rules of Civil Procedure.[14] Under Rule 54(b), a circuit court enjoys the authority to direct entry of a final order as to less than all claims in a multi-claim case "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." [15]

■ We recognize that the November 28 order did not contain a Rule 54(b) certification. We have not, however, strictly adhered to the requirements of a Rule 54(b) certification in order to invoke Rule 54(b). In syllabus point two of *Durm v. Heck's Inc.*, 184 W.Va. 562, 401 S.E.2d 908 (1991), we held:

Where an order granting summary judgment to a party completely disposes of any issues of liability as to that party, the absence of language prescribed by Rule 54(b) of the West Virginia Rules of Civil Procedure indicating that "no just reason for delay" exists and "directi[ng] . . . entry of judgment" will not render the order interlocutory and bar appeal provided that this Court can determine from the order that the trial court's ruling approximates a final order in its nature and effect.

■ Thus, even if an order is not certified by a circuit court under Rule 54(b), it may nevertheless be considered "final" if it approximates a final order in its nature and effect. As we explained in syllabus point 1, in part, of *State ex rel. McGraw v. Scott–Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995), "[t]he key to deter-

*West Virginia Rules of Civil Procedure* 1064 (2002) (footnote omitted).

**12.** Indeed, the caption of the November 28 order was "ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST STATE FARM INDEMNITY COMPANY." The very first sentence of the order also makes clear that the order is addressed only to State Farm Indemnity—"The Plaintiffs and Defendant State Farm Indemnity Company have filed cross motions for summary judgment concerning State Farm Indemnity's coverage and duty to defend in this case."

**13.** The November 28 order specifically left the issues of damages under the bad faith claim open "to be determined by a Court or Jury at a later

time." A partial summary judgment which adjudicates liability but not damages is, by definition, interlocutory. *See* W. Va. R. Civ. P. 56(c) ("A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.")

**14.** *See supra* n. 10 for the text of Rule 54(b).

**15.** This requirement of express determination and express direction is known as a certification. 10 *Moore's Federal Practice* § 54.21[3] at 54–38 (2002).

mining if an order is final is not whether the language from Rule 54(b) of the West Virginia Rules of Civil Procedure is included in the order, but is whether the order approximates a final order in its nature and effect." Rule 54(b) does not, however, dispense with the requirement of finality as to the claim that is the subject of Rule 54(b). "A judgment properly may be certified under Rule 54(b) only if it possesses the requisite degree of finality. That is, the judgment must completely dispose of at least one substantive claim." *Province v. Province*, 196 W.Va. 473, 479 n. 12, 473 S.E.2d 894, 900 n. 12 (1996).[16]

Here, the November 28 order found that State Farm Indemnity had a duty to defend and that the State Farm Indemnity policy covering the Allis' vehicle provided coverage. The circuit court award damages in the amount of $300,000 together with interest, costs and fees-the total award of the default judgment Ms. Hubbard took against Gregory and the Allis. Therefore, even though the November 28 order lacked an express 54(b) certification under our holding in *Durm* we think it can be read as a final order as to Ms. Hubbard's claim that State Farm Indemnity owed a duty to defend and to provide coverage.

■ Because the November 28 order could be construed as final as to the coverage and duty to defend claims, State Farm Indemnity could have taken a petition for appeal to this Court from the summary judgment rendered against it on these claims.[17] However, although we have *permitted* a party to take a petition for appeal from a *Durm*-type order, we have never *required* such an appeal. We first articulated this view in *Eblin v. Coldwell Banker Residential Affiliates, Inc.*, 193 W.Va. 215, 222, 455 S.E.2d 774, 781 (1995) (per curiam):

[E]ntry of a *Durm*-type order, opens up the possibility of an appeal by an aggrieved. However, there is nothing in that case which indicates that an appeal must be taken by an aggrieved party within the appeal time after entry of a *Durm*-type order. Accordingly, entry of a *Durm*-type order, while allowing an aggrieved party to take an immediate appeal, does not require that such an appeal be taken at that time, and an aggrieved party may take an appeal at any time until the final appeal time in the case expires.

*See also St. Peter v. AMPAK–Div.*, 199 W.Va. 365, 372, 484 S.E.2d 481, 488 (1997) (per curiam) ("Although *Durm* allows an aggrieved party the possibility of an immediate appeal of a partial summary judgment order that 'approximates a final order in its nature and effect,' *Durm* does not require that the aggrieved party immediately appeal.") As we succinctly said in *Riffe v. Armstrong*, 197 W.Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds by Moats v. Preston County Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999):

[even] if we can determine that finality was intended, although not expressly stated in the words of Rule 54(b), then, although the order is immediately appealable upon its entry, appeal need not be taken, but may be taken at any time until the jurisdictional period established by the entry of the last order terminating the entire action expires.

■ We believe the time has come to synthesize our prior expressions on the proper approach to an order that might be construed as final under Rule 54(b), but which is not certified as required by that Rule. Thus, we hold that an otherwise interlocutory order that is not expressly certified as final by using the language required by Rule 54(b) of the West Virginia Rules of Civil Procedure remains interlocutory so long as the affected

---

**16.** Use of Rule 54(b), of course, should not be routine and should be reserved only for the " 'infrequent harsh case[.]' " *Province*, 196 W.Va. at 479, 473 S.E.2d at 900 (quoting Fed.R.Civ.P. 54 advisory committee's note.) *See also Bryan v. Big Two Mile Gas Co.*, 213 W.Va. 110, 116, 577 S.E.2d 258, 264 (2001) (noting the general principle that an appellate court should normally have before it all of the controversy that was brought to the lower court).

**17.** Of course, we note that our decision to refuse a petition for appeal filed under a Rule 54(b) order is not res judicata to the subsequent filing a new petition for appeal arising out of the same action. Syl. pt. 1, *Bryan v. Big Two Mile Gas Co.*, 213 W.Va. 110, 577 S.E.2d 258 (2001).

party does not seek an appeal. Consequently, when a party seeks to have a circuit court reconsider its ruling on such an order prior to entry of a final judgment disposing of the entire case, the interlocutory order should not be reviewed under Rule 60(b) of the West Virginia Rules of Civil Procedure.[18]

In light of our forgoing holding, we find that the circuit court erred in applying Rule 60(b) of the West Virginia Rules of Civil Procedure to the motions to reconsider. While, the November 28 order could be construed as being final under Rule 54(b), State Farm Indemnity chose not to appeal the order—as was its right under our case law. In the absence of a petition for appeal, the November 28 order remained interlocutory.

## C. The Circuit Court's Inherent Power to Revisit Interlocutory Orders

Based on our analysis, we find that State Farm Indemnity's motion to reconsider was directed toward an *interlocutory* order. We have previously recognized that "Rule 60(b) by its plain terms applies to a '*final* judgment, order, or proceeding.'" *State ex rel. Crafton v. Burnside*, 207 W.Va. 74, 77, 528 S.E.2d 768, 771 (2000). "'Interlocutory orders and judgments are not within the provisions of 60(b), but are left to the plenary power of the court that rendered them to afford such relief from them as justice requires.'" *Caldwell v. Caldwell*, 177 W.Va. 61, 63, 350 S.E.2d 688, 690 (1986) (quoting 7 J. Moore, *Moore's Federal Practice* ¶ 60.20 (2d ed.1985)). Thus, we have held in the context of granting a new trial that "[i]n an ongoing action, in which no final order has been entered, a trial judge has the authority to reconsider his or her previous rulings .... [A] trial court has plenary power to reconsid-

er, revise, alter, or amend an interlocutory order ...." Syl. pt. 2, in part, *Taylor v. Elkins Home Show, Inc.*, 210 W.Va. 612, 558 S.E.2d 611 (2001). Therefore, State Farm Mutual's and State Farm Indemnity's "motion[s] may best be 'viewed as a routine request for reconsideration of an interlocutory ... decision .... Such requests do not necessarily fall within any specific ... Rule. They rely on the inherent power of the rendering ... court to afford such relief from interlocutory judgments ... as justice requires.'" *Id.* at 617, 558 S.E.2d at 616 (quoting *State ex rel. Crafton v. Burnside*, 207 W.Va. 74, 77, 528 S.E.2d 768, 771 (2000) (quoting *Greene v. Union Mutual Life Ins. Co. of America*, 764 F.2d 19, 22 (1st Cir. 1985))).[19]

Our holding in *Taylor* is consistent with the well-established recognition from the federal courts that the Federal Rules of Civil Procedure do not alter a district court's common law inherent power over interlocutory orders.[20] "[A] district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Therefore, we agree with the general rule prevailing in the federal system and hold that "as long as a [circuit] court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Id.* at 885 (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981)).

We believe the circuit court may have prejudiced the rights of State Farm

18. We leave for another the day the question of whether a circuit court's authority to review an order is limited by Rule 60(b) when the order has been properly certified under Rule 54(b).

19. We note that "[n]ot only is a motion to reconsider an allowable method of reviewing a prior order, it is the most appropriate and advantageous method of seeking relief from an interlocutory order for a party to pursue." *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D.Ind.1993).

20. We have noted that "[b]ecause the West Virginia Rules of Civil Procedure are patterned after

the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing our own rules." *Keplinger v. Virginia Elec. and Power Co.*, 208 W.Va. 11, 20 n. 13, 537 S.E.2d 632, 641 n. 13 (2000). *See also Williams v. Precision Coil Inc.*, 194 W.Va. 52, 58 n. 6, 459 S.E.2d 329, 335 n. 6 (1995) ("The West Virginia Rules of Civil Procedure practically are identical to the Federal Rules. Therefore, we give substantial weight to federal cases, especially those of the United States Supreme Court, in determining the meaning and scope of our rules.")

Mutual and State Farm Indemnity by relying on too restrictive a view of its available discretion in addressing the motions for reconsideration. Thus, we conclude that this case must be remanded so that the circuit court may rule on the merits of the motions for reconsideration in light of the broad authority it possesses under its inherent power to revisit interlocutory orders rather than under the limited authority granted it by Rule 60(b) to alter or amend final orders. *See Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D.Ind.1993) ("The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order.").[21]

### IV.

### CONCLUSION

For the forgoing reasons, the December 7, 2001, order of the Circuit Court of Ohio County is reversed and this case is remanded with directions that the circuit court rule upon the merits of the motions for reconsideration in a manner consistent with this opinion.

Reversed and Remanded.

Justice McGRAW dissents.

---

**21.** Ms. Hubbard also invokes the doctrine of judicial estoppel arguing that State Farm Mutual and State Farm Indemnity have taken inconsistent positions between the unsuccessful original jurisdiction petition and this appeal. Judicial estoppel provides that " '[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.' " *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968, 977 (2001) (citation omitted). State Farm Mutual and State Farm Indemnity respond that our refusal to accept an original jurisdiction proceeding is not *res judicata* as to subsequent proceed-

ings. *Knotts v. Moore*, 177 W.Va. 9, 11, 350 S.E.2d 9, 11 (1986). However, judicial estoppel is distinct from *res judicata* and may apply where other preclusive doctrines would not. *See, e.g., Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166–67 (4th Cir.1982) (citations omitted) ("Closely related to collateral estoppel, but dissimilar in critical respects, is [the doctrine of judicial estoppel which may] be found where neither collateral estoppel nor equitable estoppel ... would apply.") However, one of the factors to consider under judicial estoppel is whether the party to be estopped "succeeded in persuading a court to accept that party's earlier position ...." *New Hampshire*, 532 U.S. at 750, 121 S.Ct. at 1815, 149 L.Ed.2d at 978. Having refused the prohibition petition, we find judicial estoppel is inapplicable.