# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Tammy Weekley Angus,**
**Defendant Below, Petitioner**

**vs.) No. 21-0269** (Jackson County 19-P-75)

**Robert A. Price,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Tammy Weekley Angus appeals the March 8, 2021, order of the Circuit Court of Jackson County awarding partial summary judgment to Respondent Robert A. Price on Count II of respondent's complaint against petitioner. The circuit court found that the boundary line between the parties' respective properties is accurately depicted on the May 2, 2019, plat prepared by respondent's surveyor, William R. Gunnoe, and directed petitioner to remove a vacant single-wide mobile home from respondent's property by 6:00 p.m. on April 9, 2021. Respondent, by counsel Leah R. Chappell, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In Leroy, West Virginia, the parties' respective real properties and the real property of a third party, the United States Postal Service ("USPS"), lay between Liverpool Road (also known as Jackson County Route 13), to the north, and an abandoned railroad bed known as the Ravenswood, Spencer, & Glenville Railroad ("RSG Railroad"), to the south. Respondent maintains that he owns .805 acres that adjoins the USPS property on a north-south line running for

1

153.32 feet to the southwestern corner of the USPS property. Beyond the USPS property, respondent states that, based upon a May 2, 2019, plat prepared by William R. Gunnoe, a professional surveyor, his property adjoins petitioner's property on the same north-south line for 36.35 feet to the center of the abandoned RSG Railroad bed. According to respondent, this north-south line has constituted the boundary between the property now owned by the USPS (to the north) and petitioner's property (to the south)—both of which lay to the east of the north-south line—and his property, which lays to the west of the same north-south line, since 1962.

Respondent further states that the validity of the May 2, 2019, plat of his property is confirmed by a quitclaim deed that petitioner's predecessor-in-interest (her mother, Elva June Weekley) and others executed in favor of the USPS on November 19, 1991, to settle a property dispute they had with the USPS in *Weekley v. United States Postal Service*, Civil Action No. A:90-1210 (S.D. W. Va. Dec. 5, 1991).[1] In the quitclaim deed to the USPS, petitioner's mother affirmed that the eastern property line of respondent's remote predecessors-in-interest (John T. and Ollie Stone) and the western line of the Weekley property being conveyed to the USPS, is the same "common [north-south] line" that runs to the southwestern corner of the USPS property identified on the May 2, 2019, plat, and continues to the center of the abandoned RSG Railroad bed.[2]

In contrast, petitioner relies upon an August 31, 2001, plat of the .49 acres petitioner's mother conveyed to petitioner (and petitioner's then-husband Roger Staats) by deed dated September 6, 2001.[3] According to the August 31, 2001, plat, prepared by Harold E. Starcher, a professional surveyor, petitioner's property begins on the eastern side of the USPS property,[4] approximately halfway between Liverpool Road and the abandoned RSG Railroad bed, and continues to the railroad bed. The August 31, 2001, plat also shows petitioner's property wrapping around the USPS property on three sides (east, south and west) so that it separates respondent's property from the USPS property on the USPS property's western side (by approximately 45 feet across) next to the railroad bed (to the south) and by approximately 33 feet across next to Liverpool Road (to the north). On this strip of land claimed by petitioner, she acknowledges that a vacant single-wide mobile home belonging to her was situated for approximately two years prior to the

---

[1]By dismissal order entered on December 5, 1991, the United States District Court for the Southern District of West Virginia dismissed with prejudice *Weekley v. United States Postal Service*, Civil Action No. A:90-1210, finding that "the matters in controversy herein had been compromised and settled[.]"

[2]Respondent's remote predecessors-in-interest, John T. and Ollie Stone, were conveyed the property by a May 15, 1962, deed from F.F. and Emma Ball.

[3]Mr. Staats is still a co-owner of petitioner's real property and petitioner's co-defendant in the proceedings below.

[4]According to the August 31, 2001, plat, petitioner has access to Liverpool Road via a ten-foot-wide right of way that runs approximately sixty-six feet from Liverpool Road to the beginning of petitioner's property.

fall of 2019.[5]

On September 20, 2019, respondent filed a complaint in the Circuit Court of Jackson County against petitioner, asserting slander of title (Count I), seeking a declaration of the boundary line between the parties' properties pursuant to West Virginia Code § 55-4-31 (Count II), and alleging trespass (Count III). Relevant here, respondent sought a declaration pursuant to West Virginia Code § 55-4-31 and a court order directing petitioner to remove the vacant single-wide mobile home from respondent's property. Petitioner filed an answer to the complaint on October 3, 2019.

On January 15, 2020, respondent filed a motion for partial summary judgment. Specifically, respondent argued that he should be awarded judgment on Count II of the complaint: a declaration of the boundary line between the parties' properties pursuant to West Virginia Code § 55-4-31 and a court order directing petitioner to remove the vacant single-wide mobile home from respondent's property. Respondent supported his partial summary judgment motion with various exhibits, including a May 18, 2020, affidavit from Mr. Gunnoe. In the affidavit, Mr. Gunnoe stated that the August 31, 2001, plat relied upon by petitioner was erroneous. Mr. Gunnoe affirmed that "the majority of the eastern boundary line of [respondent]'s tract adjoins the western boundary of the [USPS] tract" that "[t]he only portion of [respondent]'s eastern boundary that adjoins the lands of [petitioner] is the stretch of 36.35 feet which stretches from the southwestern corner of the [USPS] tract to the 'center of the old RSG Railroad' as shown on the plat I prepared dated May 2, 2019." Mr. Gunnoe stated his opinions "to a reasonable degree of professional land surveying certainty."

On June 25, 2020, petitioner filed a letter with the circuit court reiterating her position that the boundary line between the parties' properties was accurately reflected by the August 31, 2001, plat, which was enclosed with the letter. By a second letter, filed on January 19, 2021, petitioner submitted the August 31, 2001 plat, the September 6, 2001, deed to her property, and receipts showing payment of petitioner's property taxes for tax years 2014 through 2020.

By order entered on March 8, 2021, the circuit court, "[a]fter reviewing the applicable documents," found that respondent's surveyor, Mr. Gunnoe, was the only expert witness who had been disclosed by either of the parties and that Mr. Gunnoe stated his opinions "to a reasonable degree of surveying certainty." Accordingly, the circuit court found that there were "no issues in dispute for a trier of fact relating to the boundary dispute" and that "[t]he undisputed evidence supports the granting of the motion for partial summary judgment." Therefore, the circuit court awarded respondent judgment on Count II of the complaint and ordered petitioner to remove the vacant single-wide mobile home from respondent's property by 6:00 p.m. on April 9, 2021. Lastly, the circuit court deemed its order granting respondent's motion for partial summary judgment "a **FINAL ORDER** subject to any and all applicable appeal rights as to the dismissal of [c]ount II of the [c]omplaint."

---

[5]In his complaint, respondent alleged that the mobile home had been placed on the disputed strip of land by petitioner's son.

3

Petitioner now appeals the circuit court's March 8, 2021, order awarding respondent summary judgment on Count II of the complaint. Pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure,[6] "a circuit court enjoys the authority to direct entry of a final order as to less than all claims in a multi-claim case 'upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.'"[7] *Hubbard v. State Farm Indemnity Co.*, 213 W. Va. 542, 549, 584 S.E.2d 176, 183 (2003). As we noted in *Hubbard*,

> . . . We have not, however, strictly adhered to the requirements of a Rule 54(b) certification in order to invoke Rule 54(b). In syllabus point two of *Durm v. Heck's Inc.*, 184 W.Va. 562, 401 S.E.2d 908 (1991), we held:
>
> > Where an order granting summary judgment to a party completely disposes of any issues of liability as to that party, the absence of language prescribed by Rule 54(b) of the West Virginia Rules of Civil Procedure indicating that "no just reason for delay" exists and "directi[ng] . . . entry of judgment" will not render the order interlocutory and bar appeal provided that this Court can determine from the order that the trial court's ruling approximates a final order in its nature and effect.

*Id.* Here, while the circuit court did not indicate that there was "no just reason for delay," the court designated its order awarding respondent summary judgment as a final appealable order, which adjudicated the boundary line between the parties' properties, and directed petitioner to remove the vacant single-wide mobile home from respondent's property. Therefore, we find that the circuit court's order disposed of at least one substantive claim between the parties and is appealable pursuant to Rule 54(b).

---

[6]Rule 54(b) of the West Virginia Rules of Civil Procedure provides that:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[7] "This requirement of express determination and express direction is known as a certification." *Hubbard v. State Farm Indemnity Co.*, 213 W. Va. 542, 549 n.15, 584 S.E.2d 176, 183, n.15 (2003) (citing 10 *Moore's Federal Practice* § 54.21[3] at 54-38 (2002)).

In Count II of his complaint, respondent sought a declaration of the boundary line between the parties' properties pursuant to West Virginia Code § 55-4-31, which provides, in pertinent part:

> Any person having a subsisting interest in real estate and a right to its possession, or to the possession of some share, interest or portion thereof, upon petition filed in the court which would have jurisdiction in an action of ejectment concerning such real estate, shall have the right to have ascertained and designated by the said court, the true boundary line or lines to such real estate, as to one or more of the coterminous landowners.

Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In Syllabus Point 1 of *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994), we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 4.

On appeal, the parties dispute whether petitioner properly responded to respondent's motion for partial summary judgment. Petitioner argues that, while her June 25, 2020, and January 19, 2021, letters filed with the circuit court may not have been procedurally proper, she provided sufficient evidence to preclude summary judgment on Count II of the complaint. Based upon our review of the record, we find that the circuit court knew of petitioner's position that judgment should not be awarded to respondent throughout the proceedings below. We disagree with petitioner that her evidence was sufficient to show the existence of genuine issues of material fact necessitating a jury trial. We concur with the circuit court's finding that "both parties [were] firmly entrenched in their respective positions." Unfortunately for petitioner, her firmly held belief that there were genuine issues of material fact does not mean that the award of partial summary judgment to respondent lacked support in the record.

Pursuant to syllabus point 3 of *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995),

> [i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Petitioner primarily, if not exclusively, relied upon the August 31, 2001, plat of her property to show that respondent was not entitled to a declaration of the boundary line in his favor. The only expert disclosed by either party, Mr. Gunnoe, who prepared the May 2, 2019, plat of respondent's property, stated, to a reasonable degree of professional land surveying certainty, that

the August 31, 2001, plat was erroneous. More specifically, Mr. Gunnoe affirmed in his affidavit that the August 31, 2001, plat erroneously depicted petitioner's property taking on a strange configuration where petitioner's property wraps around the USPS property on three sides (east, south and west) so that it separates respondent's property from the USPS property on the USPS property's western side (by approximately 45 feet across) next to the railroad bed (to the south) and by approximately 33 feet across next to Liverpool Road (to the north). On this strip of land claimed by petitioner, she acknowledges that a vacant single-wide mobile home belonging to her was situated for approximately two years prior to the filing of respondent's complaint.

In contrast to the strange configuration of petitioner's property in the August 31, 2001 plat, Mr. Gunnoe explained that "the majority of the eastern boundary line of [respondent]'s tract adjoins the western boundary of the [USPS] tract" that "[t]he only portion of [respondent]'s eastern boundary that adjoins the lands of [petitioner] is the stretch of 36.35 feet which stretches from the southwestern corner of the [USPS] tract to the 'center of the old RSG Railroad' as shown on the plat I prepared dated May 2, 2019." Furthermore, the record supports the validity of Mr. Gunnoe's May 2, 2019, plat. As respondent notes, in the November 19, 1991, deed given by petitioner's mother to settle the property dispute in *Weekley v. United States Postal Service*, Civil Action No. A:90-1210 (S.D. W. Va. Dec. 5, 1991), petitioner's mother affirmed that the eastern line of respondent's property, and the western line of the Weekley property being conveyed to the USPS, were the same "common [north-south] line" running to the southwestern corner of the USPS property that is identified on the May 2, 2019, plat. Therefore, we find that, pursuant to Syllabus Point 4 of *Painter*, the record taken as a whole could not lead a rational trier of fact to find for petitioner as to the location of the boundary line between the parties' properties. Accordingly, we conclude that the circuit court did not err in awarding respondent summary judgment on Count II of the complaint and in ordering petitioner to remove the vacant single-wide mobile home from respondent's property.[8]

For the foregoing reasons, we affirm the circuit court's March 8, 2021, order granting respondent's motion for partial motion for summary judgment.

Affirmed.

---

[8]Both before the circuit court and on appeal in this Court, petitioner has mentioned in passing that she could establish ownership of the strip of respondent's land that she claims through adverse possession. We decline to review any such claim pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

**ISSUED:** April 14, 2022


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment