**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1922**

———————

JACOB W. RUNKLE,

                                        Plaintiff - Appellee,

      and

THE MONARCH MACHINE TOOL COMPANY; GENESIS
WORLDWIDE, INCORPORATED; GENSYSTEMS
INCORPORATED,

                                  Defendants - Appellees,

      versus

GENESIS WORLDWIDE II, INCORPORATED; NEW STAMCO
INCORPORATED,

                                Defendants - Appellants,

      and

STAMCO INCORPORATED; STAMCO, A Division of the
Monarch Machine Tool Company; MONARCH MACHINE
TOOL INCORPORATED; CYGNUS MANAGEMENT ADVISORS;
PEGASUS PARTNERS II, LP; KPS SPECIAL
SITUATIONS FUNDS LP; NEW MONARCH MACHINE TOOL
INCORPORATED,

                                  Defendants.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, District
Judge. (CA-03-195-23-2)

———————

Argued:  May 25, 2005                    Decided:  July 26, 2005

--------

Before LUTTIG and SHEDD, Circuit Judges, and Eugene E. SILER, Jr.,
Senior Circuit Judge of the United States Court of Appeals for the
Sixth Circuit, sitting by designation.

--------

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

--------

**ARGUED:** Gray Thomas Culbreath, COLLINS & LACY, Columbia, South
Carolina, for Appellants.  Mark Charles Tanenbaum, Charleston,
South Carolina, for Appellee.  **ON BRIEF:** Mia Lauren Maness, MARK C.
TANENBAUM, P.A., Charleston, South Carolina, for Appellee.

--------

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jacob W. Runkle sued The Monarch Machine Tool Company, Genesis Worldwide, Inc., and Gensystems, Inc. (the "GWI defendants") and Genesis Worldwide II, Inc. and New Stamco, Inc. (the "GWII defendants") on claims for negligence, breach of express and implied warranties, and strict liability arising from an injury caused by industrial equipment designed, manufactured, and sold by the GWI defendants.[1] At the time Runkle brought suit, the GWI defendants were in bankruptcy. The GWI defendants filed a notice of bankruptcy with the district court and requested a stay in accordance with 11 U.S.C. § 362. The district court granted a statistical stay over the case and abstained from exercising jurisdiction until the bankruptcy proceedings concluded.

Before the GWI defendants served a responsive pleading, Runkle filed a notice of voluntary dismissal as to the GWI defendants and moved the district court to proceed against the GWII defendants.[2] The GWII defendants argued that Runkle's suit should not proceed

---

[1]Since the issuance of the district court's order, Runkle has filed a Second Amended Complaint against the GWII defendants alleging the additional claim of breach of an independent duty to warn.

[2]Runkle filed a motion in the bankruptcy court for clarification of the effect that the GWI defendants' bankruptcy would have on his claims against the GWII defendants. The GWII defendants filed a cross-motion in bankruptcy court to enjoin the products liability action. The bankruptcy court determined that Runkle was not prevented from bringing suit against the GWII defendants.

3

against them because (1) the GWI defendants were indispensable parties whose absence warranted dismissal of the case under Fed. R. Civ. P. 19(b), and (2) the automatic stay applicable to the GWI defendants should also extend to them under A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). The district court ruled that the GWI defendants were not indispensable parties and that an extension of the stay was not appropriate under the circumstances of the case. The GWII defendants appeal both rulings.[3] For the following reasons, we affirm.

## I.

The GWII defendants first contend that the district court abused its discretion by finding that the GWI defendants were not indispensable parties under Rule 19(b). Rule 19(b) authorizes a district court to dismiss an action where an "indispensable" party cannot be made a party to the action. In determining whether a party is "indispensable," Rule 19(b) provides that "the factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third,

---

[3]Although the GWII defendants appealed the voluntary dismissal of the GWI defendants as violative of the automatic stay, they abandoned that claim at oral argument.

4

whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

At the outset, we must determine whether we have jurisdiction to entertain an appeal from this order. The district court's ruling on the Rule 19 issue is not a final order under 28 U.S.C. § 1291, and the district court did not certify this ruling for interlocutory appeal under 28 U.S.C. § 1292(b). The GWII defendants argue, however, that this decision falls within the "small class" of nonfinal orders that are immediately appealable as collateral orders under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).

Under the collateral order doctrine, we may entertain an appeal from an otherwise interlocutory order if that order (1) conclusively determines the issue before the lower court, (2) resolves an important question independent of the subject matter of the litigation, and (3) is effectively unreviewable on appeal from a final judgment in the case. Id. at 546; Under Seal v. Under Seal, 326 F.3d 479, 481-84 (4th Cir. 2003). Assuming that the first and second elements of the collateral order doctrine are satisfied, we are convinced that the district court's Rule 19(b) determination is not effectively unreviewable on appeal from a final judgment. Should the GWII defendants suffer an adverse ruling on the merits, we could review the Rule 19(b) issue in an

5

appeal from that judgment.  See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 110-12 (1968) (considering indispensability under Rule 19(b) on an appeal from a final judgment); Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 312 F.3d 82, 87-89 (2d Cir. 2002) (same); Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 640-43 (3d Cir. 1998) (same).  Because the district court's determination that the GWI defendants are not indispensable parties under Rule 19(b) is effectively reviewable on appeal from a final judgment, that determination is not a collateral order under Cohen, and we lack jurisdiction over this portion of the appeal.

## II.

The GWII defendants also challenge the district court's decision to allow Runkle to proceed against them despite the pendency of the GWI defendants' bankruptcy proceedings.  According to the GWII defendants, the § 362 stay applicable to the GWI defendants should also apply to them because a judgment against them is in effect a judgment against the GWI defendants.  We held in A.H. Robins that a § 362 stay protects a nondebtor third-party defendant in the "unusual situation . . . when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a

6

judgment or finding against the debtor." 788 F.2d at 999 (internal quotations omitted). Distinguishing A.H. Robins from this case, the district court concluded that (1) there was no basis for automatic indemnification, (2) these proceedings would not impair the GWI defendants' ability to liquidate in bankruptcy, (3) these proceedings would not reduce the property of the bankrupt estate, and (4) there was not such identity between the parties that the GWI defendants were the real party defendant. J.A. 351-53. Upon our own review of the record, we agree with the district court that "the GWII Defendants have not brought forth any evidence of unusual circumstances which would justify an extension of the automatic stay to their protection or that would permit the court to stay the proceedings on equitable grounds. An extension of the stay would only delay [Runkle's] action, with no benefit to the debtor's estate." J.A. 353-54.

## III.

In conclusion, we dismiss that portion of the appeal challenging the district court's ruling under Rule 19, and we affirm the district court's order permitting Runkle to proceed against the GWII defendants.

DISMISSED IN PART
AND AFFIRMED IN PART
