677 S.E.2d 905

**C & O MOTORS, INC., Plaintiff Below, Appellee,**

v.

**WEST VIRGINIA PAVING, INC., A West Virginia Corporation, Defendant Below, Appellant.**

**No. 34330.**

Supreme Court of Appeals of West Virginia.

Submitted April 29, 2009.

Decided May 13, 2009.

471

Larry G. Kopelman, Kopelman & Associates, Charleston, WV, for Appellant.

Mark A. Swartz, Mary J. Swartz, Swartz Law Offices, St. Albans, WV, for Appellee.

DAVIS, Justice.

This is an appeal by West Virginia Paving, Inc., defendant below (hereinafter referred to as "WVP"), from an order of the Circuit Court of Kanawha County that denied its motion to join a necessary party and granted summary judgment in favor of C & O Motors, Inc., plaintiff below (hereinafter referred to as "C & O"). WVP contends that material issues of fact were in dispute, which precluded summary judgment, and that it was error to deny its motion to join a necessary party. After a careful review of the briefs and record submitted on appeal, and listening to the oral arguments of the parties, we find the appeal was improvidently granted, and, therefore, it is dismissed without prejudice.

I.

**FACTUAL AND PROCEDURAL HISTORY**

The record indicates that WVP was awarded a contract by the West Virginia Division of Highways to remove and resurface asphalt along Route 60, MacCorkle Avenue, St. Albans, West Virginia.[1] The paving project was performed during the period April 25

---

1. WVP engaged Coady Construction, Inc., to perform the asphalt removal.

through May 9, 2005. During the evening hours of May 3 and 4, 2005, asphalt removal was performed along Route 60 near several car lots that were maintained by C & O. It was alleged by C & O that during the asphalt removal on the evenings of May 3 and 4, "dust, debris and tar was churned up, became airborne, and was deposited onto a substantial number of C & O's vehicles which were parked in its new and used car lots."

C & O subsequently had its damaged vehicles cleaned at a cost of $5,740.00. After the vehicles were cleaned, C & O requested WVP reimburse it for the cost incurred. However, WVP refused to reimburse C & O. Consequently, on February 15, 2006, C & O filed the instant action against WVP seeking to recover the cost incurred in cleaning its damaged vehicles.

Following discovery, C & O filed a motion for summary judgment. Prior to responding to the motion for summary judgment, WVP filed a motion seeking to have Coady Construction, Inc., joined as a defendant pursuant to Rule 19 of the West Virginia Rules of Civil Procedure. Thereafter, WVP filed its response in opposition to C & O's motion for summary judgment.

The circuit court entered an order on April 30, 2007, which granted summary judgment on liability in favor of C & O, and denied WVP's motion to join a party under Rule 19. On June 13, 2007, C & O filed a motion seeking to have the circuit court enter an order of judgment against WVP in the amount of $9,112.50. Subsequently, on June 21, 2007, C & O filed an amended motion for judgment in the amount of $8,463.66. Additionally, on June 21, 2007, WVP filed a motion for a jury trial on the issue of damages to be awarded. On September 4, 2007, WVP filed a motion asking the circuit court to reconsider its summary judgment ruling.

The circuit court entered an order on March 11, 2008, which denied WVP's motion for reconsideration of its summary judgment ruling. The order did not address C & O's motion for judgment on damages, nor WVP's motion for a jury trial on damages. This appeal followed the order denying reconsideration of summary judgment.

## II.

### STANDARD OF REVIEW

The parties have characterized this matter as an appeal from a circuit court order granting summary judgment in favor of C & O and denying WVP's motion to join a party under Rule 19. This Court's review of "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review of a circuit court's "Rule 19 determinations [is] for an abuse of discretion. To the extent that in its inquiry the [circuit] court decided a question of law, we review that determination *de novo*." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Comty. v. California*, 547 F.3d 962, 969–70 (9th Cir.2008) (internal quotations and citations omitted).

The application of the above review standards is contingent upon our resolution of a jurisdictional issue not raised by the parties. This Court has held that,

[w]here neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.

Syl. pt. 2, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). The jurisdictional issue we will address concerns the finality of the order upon which this appeal is based.

## III.

### DISCUSSION

The findings of fact section of the trial court's summary judgment order indicated that C & O incurred vehicle repair costs in the amount of $5,740.00. However, the order did not state that C & O was awarded damages in any amount. Subsequent to the entry of the summary judgment order, C & O filed an amended motion requesting the trial court enter an order awarding damages in the amount of

$8,463.66, which request included costs, attorney's fees and prejudgment interest. WVP also filed a motion seeking a jury trial on the issue of damages.[2] Insofar as the trial court has not ruled upon either motion, *i.e.*, granting $8,463.66 in damages or setting the issue of damages for a jury determination, the summary judgment order constituted a partial summary judgment ruling on the issue of liability.[3] The issue we must determine is whether the circuit court's partial summary judgment order was an appealable order.[4]

■ The appellate jurisdiction of this Court extends only to final judgments. *See Coleman v. Sopher*, 194 W.Va. 90, 94, 459 S.E.2d 367, 371 (1995) ("The usual prerequisite for our appellate jurisdiction is a final judgment, final in respect that it ends the case."). We have previously held that,

> [u]nder W. Va.Code, 58–5–1 [1998], appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

Syl. pt. 3, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). *See also Province v. Province*, 196 W.Va. 473, 478, 473 S.E.2d 894, 899 (1996) ("The required finality

is a statutory mandate, not a rule of discretion."). "This rule, commonly referred to as the 'rule of finality,' is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation[.]'" *James M.B.*, 193 W.Va. at 292, 456 S.E.2d at 19 (quoting *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 265, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982)).

■ In the instant case, the trial court's decision to grant summary judgment on liability alone was authorized by Rule 56(c) of the West Virginia Rules of Civil Procedure. Rule 56(c) states that "summary judgment ... may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." *See Younker v. Eastern Assoc. Coal Corp.*, 214 W.Va. 696, 591 S.E.2d 254 (2003) (trial court granted partial summary judgment on liability and held bench trial on damages). However, the mere fact that Rule 56(c) expressly permits summary judgment on liability alone does not make such an order immediately appealable. This Court has recognized that "[a] partial summary judgment which adjudicates liability but not damages is, by definition, interlocutory." *Hubbard v. State Farm Indem. Co.*, 213 W.Va. 542, 549 n. 13, 584 S.E.2d 176, 183 n. 13 (2003).[5] Further,

---

**2.** *See Caplan v. Tofel*, 33 A.D.3d 748, 822 N.Y.S.2d 760, 761 (2006) (holding that defendant in counterclaim had right to jury trial on damages issue even though summary judgment on liability was proper).

**3.** Assuming, for the sake of argument, that the circuit court's summary judgment order disposed of both the issues of liability and damages, we would have to dismiss this appeal as untimely filed. The summary judgment order was entered April 30, 2007. The petition for appeal was not filed with the circuit court clerk until March 24, 2008. *See* W. Va. R.App. P. 3(a) ("No petition shall be presented for an appeal from ... any judgment, decree or order, which shall have been entered more than four months before such petition is filed in the office of the clerk of the circuit court where the judgment, decree or order being appealed was entered[.]"). Although WVP filed a motion for reconsideration on September 4, 2007, this motion did not toll the four-month appeal period. *See* Syl. pt. 5, *Burton v. Burton*, 223 W.Va. 191, 672 S.E.2d 327 (2008) ("A motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule

60(b) motion regardless of how styled and does not toll the four month appeal period for appeal to this court.").

**4.** "With regard to [the] order denying [WVP's] motion to implead a third party, it has been held that 'denial of a motion to implead a third party defendant is not appealable.'" *Walker v. Option One Mortgage Corp.*, 220 W.Va. 660, 667, 649 S.E.2d 233, 240 (2007) (Davis, C.J., dissenting) (quoting *Dollar A Day Rent A Car Sys., Inc. v. Superior Court in & for Maricopa County*, 107 Ariz. 87, 482 P.2d 454, 456 (1971)). *See also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377 (2d Cir.2006) (holding that Rule 19 order is nonappealable interlocutory order); *Runkle v. Genesis Worldwide II, Inc.*, 143 Fed.Appx. 515 (4th Cir.2005) (same).

**5.** This situation is analogous to the entry of default under Rule 55(a). *See* Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 55(a) at p. 1096 (3d ed. 2008) ("Entry of default is interlocutory. It represents a default on liability and until the amount of damages is

courts that have generally addressed the issue of an interlocutory order granting judgment only as to liability take the position that "[o]rdinarily, a determination of liability, without a determination of damages, is a partial adjudication of a claim, and the partial adjudication is not immediately appealable." *City of Waite Park v. Minnesota Office of Admin. Hearings,* 758 N.W.2d 347, 353 (Minn.Ct.App.2008). *Accord Farm Labor Org. Comm. v. Ohio State Highway Patrol,* 308 F.3d 523, 549 (6th Cir.2002); *LeBoeuf, Lamb, Greene & MacRae v. Worsham,* 185 F.3d 61, 64 (2d Cir.1999); *Gamboa v. Chandler,* 101 F.3d 90, 91 (9th Cir.1996); *Albright v. UNUM Life Ins. Co. of Am.,* 59 F.3d 1089, 1092 (10th Cir.1995); *In re Miscott Corp.,* 848 F.2d 1190, 1192 (11th Cir.1988); *In re Goldblatt Bros., Inc.,* 758 F.2d 1248, 1250 (7th Cir.1985); *Garzaro v. University of Puerto Rico,* 575 F.2d 335, 337 (1st Cir.1978); *Freeman v. Califano,* 574 F.2d 264, 268 (5th Cir.1978); *Bacadam Outdoor Adver., Inc. v. Kennard,* 721 So.2d 226, 228 (Ala.Civ.App. 1998); *Ramco Indus., Inc. v. C & E Corp.,* 773 N.E.2d 284, 288 (Ind.Ct.App.2002); *Gunter v. City of St. James,* 91 S.W.3d 724, 726 (Mo.Ct.App.2002); *Keef v. Dep't of Motor Vehicles,* 262 Neb. 622, 634 N.W.2d 751, 757 (2001); *Mid–Century Ins. Co. v. Pavlikowski,* 94 Nev. 162, 576 P.2d 748, 749 (1978); *Freeman v. Reliance Ins. Co.,* 68 N.C.App. 620, 315 S.E.2d 798, 800 (1984); *Choice Fin. Group v. Schellpfeffer,* 696 N.W.2d 504, 507 (N.D.2005); *Bautista v. Kolis,* 142 Ohio App.3d 169, 754 N.E.2d 820, 824 (2001); *Swift v. Milner,* 296 Pa.Super. 463, 442 A.2d 1144, 1146 (1982); *Stettner Clinic, Inc. v. Burns,* 61 S.W.3d 16, 19 (Tex.App.2000). Indeed, it has been correctly noted that "[a]n order ... adjudging liability but leaving the quantum of relief still to be determined has been a classic example of non-finality and non-appealability from the time of Chief Jus-

tice Marshall to our own." *Franklin v. District of Columbia,* 163 F.3d 625, 629 (D.C.Cir. 1998) (internal quotations and citation omitted).

Courts have recognized an exception to the prohibition against appealing an order that imposes liability only. Under this exception "an immediate appeal from a liability judgment will be allowed if the determination of damages can be characterized as 'ministerial.'" *Winston Network, Inc. v. Indiana Harbor Belt R.R. Co.,* 944 F.2d 1351, 1357 (7th Cir.1991).[6] That is, "a judgment not completely determining damages is a final appealable order where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 684 N.E.2d 72, 75 (1997). *See also GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.,* 241 F.3d 388, 391 (5th Cir.2001) ("[A] judgment failing to award damages may still be final if the computation of damages is purely ministerial and/or mechanical." (internal quotations and citation omitted)); *Albright v. UNUM Life Ins. Co. of Am.,* 59 F.3d 1089, 1093 (10th Cir.1995) ("[I]f calculating damages would be complicated and the possible subject of a separate and future appeal, then we cannot assume appellate jurisdiction over the issue of liability."); *Apex Fountain Sales, Inc. v. Kleinfeld,* 27 F.3d 931, 936 (3d Cir. 1994) ("[A]n order is final even if it does not reduce the damages to a sum certain if the order sufficiently disposes of the factual and legal issues and [if] any unresolved issues are sufficiently ministerial that there would be no likelihood of further appeal." (internal quotations and citation omitted)).[7]

In view of the foregoing, we now hold that an order determining liability, with-

---

ascertained there is no final judgment."). *See also Coury v. Tsapis,* 172 W.Va. 103, 106, 304 S.E.2d 7, 10 (1983) ("The ... distinction between a default and a default judgment has resulted in a recognition that a default order is interlocutory.").

**6.** *See Gauvin v. City of New Haven,* 187 Conn. 180, 445 A.2d 1, 3 (1982) ("[M]inisterial acts are performed in a prescribed manner without the

exercise of judgment or discretion as to the propriety of the action.").

**7.** It has been held that "a decision that is otherwise nonfinal because it leaves damages unresolved becomes final and appealable if post-appeal adjudications in the [trial] court precisely fix damages and dispose of the case." *Harbert v. Healthcare Servs. Group, Inc.,* 391 F.3d 1140, 1146 (10th Cir.2004).

out a determination of damages, is a partial adjudication of a claim and is generally not immediately appealable. However, an immediate appeal from a liability judgment will be allowed if the determination of damages can be characterized as ministerial. That is, a judgment that does not determine damages is a final appealable order when the computation of damages is mechanical and unlikely to produce a second appeal because the only remaining task is ministerial, similar to assessing costs.[8]

 Applying our holding to the facts of the instant case, we find that the order appealed from is neither final nor subject to a ministerial task on remand. The record in this case reveals that the trial court has not issued an order on C & O's amended motion for judgment in the amount of $8,463.66, nor has it ruled upon WVP's motion for a jury trial on damages. We do not believe that resolution of these remaining motions constitute "ministerial" acts, for the purpose of making the order appealable, because there is a likelihood of an appeal from the resolution of the damages issue.[9]

A case that supports our "ministerial" acts ruling in this proceeding is *Guido v. Guido*, 202 W.Va. 198, 503 S.E.2d 511 (1998). *Guido* involved an appeal from an order that held the appellant in contempt. This Court found that appellate jurisdiction over the issue was lacking because no sanction had been imposed on the appellant. The opinion in *Guido* stated that "[u]ntil such time as a sanction against Mr. Guido is actually imposed, no final judgment has been rendered in the case." *Guido*, 202 W.Va. at 202, 503 S.E.2d at 515. *Guido* reflects the concern with piecemeal appeals. That is, had we addressed the merits of the contempt ruling in *Guido* and affirmed the same, the case could ultimately be appealed again on the issue of the type or amount of the sanction imposed. So, too, in the instant proceeding if this Court affirmed the trial court's partial summary judgment order, an appeal could be taken from the ultimate ruling on damages.

 In addition to the "ministerial" acts exception, this Court has recognized a limited number of other exceptions to the rule of finality. Our cases have pointed out that we may address specific issues decided by an interlocutory order under the collateral order doctrine[10] or "by writs of prohibition, certified questions, or by judgments rendered under Rule 54(b) of the West Virginia Rules of Civil Procedure." *James M.B.*, 193 W.Va. at 292 n. 3, 456 S.E.2d at 19 n. 3. Rule 54(b) is the only other exception to the rule of finality that is relevant in this case.

 WVP contends that the circuit court certified the partial summary judgment order as appealable pursuant to Rule 54(b).[11]

---

8. To be clear, the ministerial acts exception to finality is analogous to a "sum certain" as provided for under Rule 55(b)(1) for entry of default judgment without a hearing or jury trial. "The term 'sum certain' under [the rule] contemplates a situation where the amount due cannot be reasonably disputed, is settled with respect to amount, ascertained and agreed upon by the parties, or fixed by operation of law." *Farm Family Mut. Ins. Co. v. Thorn Lumber Co.*, 202 W.Va. 69, 74, 501 S.E.2d 786, 791 (1998).

9. During oral arguments, counsel for WVP conceded that the amount of actual damages sought by C & O is accurate. Counsel made this admission in an effort to have this Court address the merits of the appeal. We are not persuaded by this "admission for convenience" because WVP still has a pending motion for a jury trial on the issue of damages. Insofar as "we are without any ruling from the circuit court that addresses this [issue] that was properly raised below, we are ... prohibited from conducting ... appellate review." *Maplewood Cmty., Inc. v. Craig*, 216 W.Va. 273, 287, 607 S.E.2d 379, 393 (2004). *See*

also *Nutter v. Nutter*, 218 W.Va. 699, 702, 629 S.E.2d 758, 761 (2006) ("[T]his Court, as an appellate court, has no authority to provide a litigant with a damages award where the lower court did not address the issue of damages.").

10. "An interlocutory order would be subject to appeal under this doctrine if it (1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Durm v. Heck's, Inc.*, 184 W.Va. 562, 566 n. 2, 401 S.E.2d 908, 912 n. 2 (1991) (internal quotations and citation omitted).

11. In the Docketing Statement submitted for this appeal, WVP checked the box which indicated that this appeal was from a Rule 54(b) certification order. The trial court's order, denying WVP's motion for reconsideration, indicated that the summary judgment order was an appealable order. The order denying the motion for reconsideration also indicated that WVP could appeal

Under appropriate circumstances, a partial summary judgment order under Rule 54(b) may be certified as appealable directly to this Court. Rule 54(b) provides, in part, that a "court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." [12] Under "Rule 54(b), an order may be final prior to the ending of the entire litigation on its merits if the order resolves the litigation as to a claim or a party." *Durm v. Heck's, Inc.*, 184 W.Va. 562, 566, 401 S.E.2d 908, 912 (1991). *See also Hubbard*, 213 W.Va. at 549, 584 S.E.2d at 183 ("Under Rule 54(b), a circuit court enjoys the authority to direct entry of a final order as to less than all claims in a multi-claim case 'upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.' "). The issue we must decide is whether Rule 54(b) certification is applicable to a single claim action in which judgment on liability only has been rendered against a defendant.[13] Insofar as the pertinent language in Rule 54(b) also appears in Rule 54(b) of the federal rules of civil procedure, we will look to federal courts for guidance on this issue.[14]

In *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), the United States Supreme Court was called upon to determine whether Rule 54(b) certification, under the federal rules of civil procedure, was applicable to a single claim action against a defendant. In *Liberty Mutual*, several female plaintiffs brought a discrimination action against their employer in the United States District Court for the Western District of Pennsylvania. The plaintiffs asserted that the employer's insurance benefits and maternity leave regulations discriminated against women in violation of federal law. After a period of extensive discovery, the district court granted summary judgment on liability in favor of the plaintiffs. The defendant thereafter filed a motion for reconsideration. The district court entered an order denying the motion for reconsideration. The order denying the motion for reconsideration included Rule 54(b) certification language. Consequently, the employer appealed the order to the Third Circuit Court of Appeals. However, the Court of Appeals affirmed. The United States Supreme Court granted certiorari to determine whether the district court's certification under Rule 54(b) was proper. The Supreme Court held that certification was not proper under Rule 54(b). The Supreme Court reasoned as follows:

> Rule 54(b) does not apply to a single claim action.... It is limited expressly to multiple claims actions in which one or

the summary judgment order within ten days of the entry of the order denying the motion for reconsideration. Of course, it is a fundamental rule that a trial "court cannot render a non-final judgment final simply by so stating." *LeBoeuf, Lamb, Greene & MacRae v. Worsham*, 185 F.3d 61, 64 (2d Cir.1999). That is, "a circuit court's determinations, which directly affect the scope of our appellate jurisdiction[,] are not conclusive on us." *Province v. Province*, 196 W.Va. 473, 478, 473 S.E.2d 894, 899 (1996). *See also Butler v. Price*, 212 W.Va. 450, 453, 574 S.E.2d 782, 785 (2002) ("[T]he Circuit Court's designation of its order as appealable to this Court ... is not dispositive.").

**12.** This standard has been codified. *See* W. Va. Code § 58–5–1 (1998) (Repl. Vol. 2005) ("A party to a civil action may appeal to the supreme court of appeals ... from an order of any circuit court constituting a final judgment as to one or more but fewer than all claims or parties upon an express determination by the circuit court that there is no just reason for delay and upon an

express direction for the entry of judgment as to such claims or parties.").

**13.** We have previously recognized that "Rule 54(b) R.C.P. has no application to an order which determines all claims as to all parties." Syl. pt. 5, *Dixon v. American Indus. Leasing Co.*, 157 W.Va. 735, 205 S.E.2d 4 (1974).

**14.** "We ... give substantial weight to federal cases in determining the meaning and scope of our rules." *Brooks v. Isinghood*, 213 W.Va. 675, 682, 584 S.E.2d 531, 538 (2003). However, we have previously noted that even though "the language of Rule 54(b) of the West Virginia Rules of Civil Procedure is identical to that of its federal counterpart, this Court has not interpreted the rule as strictly as the federal courts." *Durm*, 184 W.Va. at 566, 401 S.E.2d at 912. In this regard we have held that "even if an order is not certified by a circuit court under Rule 54(b), it may nevertheless be considered 'final' if it approximates a final order in its nature and effect." *Hubbard*, 213 W.Va. at 549, 584 S.E.2d at 183.

more but less than all of the multiple claims have been finally decided and are found otherwise to be ready for appeal. Here, however, [plaintiffs] set forth but a single claim: that [the employer's] employee insurance benefits and maternity leave regulations discriminated against its women employees in violation of Title VII of the Civil Rights Act of 1964. They prayed for several different types of relief in the event that they sustained the allegations of their complaint, but their complaint advanced a single legal theory which was applied to only one set of facts. Thus, despite the fact that the District Court undoubtedly made the findings required under the Rule had it been applicable, those findings do not in a case such as this make the order appealable[.]

*Liberty Mutual,* 424 U.S. at 743–44, 96 S.Ct. at 1206, 47 L.Ed.2d 435 (internal quotations and citation omitted). *See also Rudd Constr. Equip., Co., Inc. v. Home Ins. Co.,* 711 F.2d 54, 56 (6th Cir.1983) ("A partial summary judgment which resolves … the question of liability but leaves the issue of damages in dispute is … [not] certifiable under Rule 54(b)."); *Williams v. St. Louis Diecasting Corp.,* 611 F.2d 1223, 1224 (8th Cir.1979) ("This cause involved but a single claim which was bifurcated for trial into the issues of liability and remedy. Rule 54(b) requires entry of a judgment on one or more claims for relief and entry of a final judgment 'as to one or more but fewer than all of the claims or parties.' Thus, Rule 54(b) did not provide a basis for appeal in the instant case, and we hold the district court's certification under Rule 54(b) unavailing."). We agree with *Liberty Mutual* and hold that certification under Rule 54(b) of the West Virginia Rules of Civil Procedure is permitted only upon the entry of a final judgment as to one or more but fewer than all of the claims or parties. Consequently, in an action that has only one claim against the defendant,[15] an order granting partial summary judgment on liability against that defendant is not certifiable for appeal under Rule 54(b).

■ In the instant case, C & O filed a single claim against WVP under a single theory of negligence. The circuit court granted judgment against WVP only as to liability. Under this set of facts, the circuit court's partial summary judgment order on liability could not be certified as appealable under Rule 54(b). As pointed out in *Liberty Mutual,*

> [w]ere we to sustain the procedure followed here, we would condone a practice whereby a [circuit] court in virtually any case before it might render an interlocutory decision on the question of liability of the defendant, and the defendant would thereupon be permitted to appeal … without satisfying any of the requirements [for appeal of an interlocutory order].

*Liberty Mutual,* 424 U.S. at 745–46, 96 S.Ct. at 1207, 47 L.Ed.2d 435. *See also McCormick v. West Virginia Dep't of Pub. Safety,* 202 W.Va. 189, 191 n. 2, 503 S.E.2d 502, 504 n. 2 (1998) ("The circuit court also granted partial summary judgment for the appellant as to liability against Gunnoe; the issue of for what damages Gunnoe is liable is still before the circuit court. However, because the circuit court's rulings regarding Smith and the DOC and its officials dispose of their interest in the case, all of the parties agree— as do we—that this appeal of those rulings is properly before this Court."). Thus, the instant appeal is not properly before this Court.

## IV.

### CONCLUSION

For the foregoing reasons, we determine this case was improvidently granted, and we dismiss this case without prejudice.

Dismissed without Prejudice.

Chief Justice BENJAMIN deeming himself disqualified, did not participate in the decision of this case.

Judge MOATS, sitting by temporary assignment.

---

**15.** "[T]he general rule [is] that mere alternative legal theories constitute only one claim for relief for purposes of Rule 54(b)." *Indiana Harbor*

*Belt R.R. Co. v. American Cyanamid Co.,* 860 F.2d 1441, 1446 (7th Cir.1988).