## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**ALLY FINANCIAL, INC.,**
**Defendant Below, Petitioner**

**vs) No. 12-0636** (Raleigh County 10-C-771-H)

**CATHERINE A. SMALLWOOD,**
**Plaintiff Below, Respondent**

**FILED**

**September 26, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

The petitioner and defendant below, Ally Financial, Inc. ("Ally"), appeals the May 1, 2012, order of the Circuit Court of Raleigh County denying its motion for relief from the court's prior grant of partial summary judgment in favor of the respondent and plaintiff below, Catherine Smallwood ("Mrs. Smallwood").

This Court has considered the parties' briefs, the oral argument under Rule 20, and the record on appeal. Pursuant to Rule 20(g) of the Rules of Appellate Procedure, this Court has determined that this appeal is premature because it is an appeal from an interlocutory decision. In order to explain the merits of this procedural determination, this Court has concluded that a memorandum decision — rather than an order — is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arose out of the purchase of a 2007 Chevrolet Impala by Mrs. Smallwood and her husband, which they jointly financed pursuant to a retail installment sale contract through the dealership of Saturn of Charleston-Huntington on May 5, 2009. Soon after, the contract was assigned to Ally. Subsequently, the Smallwoods defaulted on the loan. Mrs. Smallwood filed suit against Ally on August 30, 2010, alleging violations of the West Virginia Consumer Credit Protection Act, West Virginia Code §§ 46A-1-101 to 46A-8-102, as well as various tort claims. On July 12, 2011, the circuit court granted partial summary judgment to Mrs. Smallwood, finding that Ally had violated West Virginia Code § 46A-2-

1

128(e) (2006)[1] sixty times by making sixty phone calls to her after it first appeared that she was personally represented by counsel and the name and address of her counsel were made known or were reasonably ascertainable by Ally. While Mrs. Smallwood was granted partial summary judgment as to Ally's liability for sixty violations of West Virginia Code § 46A-2-128(e), the amount of damages for those violations was not determined and, to date, has yet to be determined. After the court denied Ally's motion for relief from the court's entry of partial summary judgment, Ally filed this appeal contending that genuine issues of material fact exist as to (1) when it first appeared to Ally that Mrs. Smallwood was represented by an attorney and when her attorney's name and address were known or could have been easily ascertained by Ally; (2) whether there were actually sixty calls made in violation West Virginia Code § 46A-2-128(e); and (3) whether Ally's communications were the result of bona fide errors of fact notwithstanding Ally's maintenance of procedures reasonably adapted to avoid such errors or violations of the statute.[2] In addition, Ally has asserted that Mrs. Smallwood's cause of action is barred by the doctrines of res judicata and collateral

---

[1]West Virginia Code § 46A-2-128 states, in pertinent part:

> No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> . . . .
>
> (e) Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

[2]West Virginia Code § 46A-5-101(8) (2006) provides,

> If the creditor establishes by a preponderance of evidence that a violation is unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, no liability is imposed under subsections (1), (2) and (4) of this section, and the validity of the transaction is not affected.

estoppel because her claims are identical to those brought and settled by her husband in a previous civil action he filed against Ally.

As set forth above, upon review of the record, we have determined that this appeal is not properly before this Court. In syllabus point 2 of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995), this Court explained:

> Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.

It is axiomatic that this Court's appellate jurisdiction extends only to final judgments.

> Under W.Va.Code, 58-5-1 [1998], appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

Syl. Pt. 3, *James M.B..* Recently, this Court held:

> An order determining liability, without a determination of damages, is a partial adjudication of a claim and is generally not immediately appealable. However, an immediate appeal from a liability judgment will be allowed if the determination of damages can be characterized as ministerial. That is, a judgment that does not determine damages is a final appealable order when the computation of damages is mechanical and unlikely to produce a second appeal because the only remaining task is ministerial, similar to assessing costs.

Syl. Pt. 3, *C & O Motors, Inc. v. West Virginia Paving, Inc.*, 223 W.Va. 469, 677 S.E.2d 905 (2009). Damages for violations of West Virginia Code § 48A-2-128(e) are determined pursuant to West Virginia Code § 46A-5-101(1) (2006), which provides in pertinent part:

> [T]he consumer has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating this chapter a penalty in an amount determined by the

3

court not less than one hundred dollars nor more than one thousand dollars.[3]

(Footnote added). Given the discretion afforded the court in affixing the amount of damages for the statutory violations, it cannot be said that the computation of damages in this instance is mechanical and unlikely to produce a second appeal. Consequently, there has been no finality of judgment, and this Court has no jurisdiction over this matter. *See McDaniel v. Kleiss*, 198 W.Va. 282, 284, 480 S.E.2d 170, 172 (1996) ("Since the circuit court's order . . . is interlocutory and not subject to appeal, we find the petition for appeal was improvidently granted and accordingly dismiss the same for lack of appellate jurisdiction.); *Sipp v. Yeager*, 194 W.Va. 66, 67, 459 S.E.2d 343, 344 (1995) ("[T]he circuit court's decision is an interlocutory rather than a final order and therefore, we dismiss this appeal as improper before this Court.").

Accordingly, for the reasons set forth above, this case is dismissed without prejudice.

Dismissed.

**ISSUED:** September 26, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]West Virginia Code § 46A-5-106 (2006) provides that the damages are subject to adjustment for inflation.

4