# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JONATHAN M.,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-180**    (Fam. Ct. Fayette Cnty. No. FC-10-2015-D-380)

**LINDA M.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan M.[1] appeals the Family Court of Fayette County's March 13, 2023, order holding him in contempt for failing to disclose his earnings for child support purposes and retroactively recalculating his child support obligation. Respondent Linda M. did not file a response.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Jonathan M. and Linda M. share two children. Because the oldest child had turned eighteen and was nearing graduation, Jonathan M. filed a petition for expedited modification of child support on May 12, 2022, to have his child support obligation reduced. The family court tentatively reduced Jonathan M.'s child support obligation; however, Linda M. objected to the reduction and requested a hearing.

A telephonic hearing was held on July 6, 2022. At that hearing, the family court concluded that because one child had reached the age of majority, child support should be recalculated. Jonathan M. testified that he had a part-time job and stated that he was underemployed for legitimate reasons. However, Linda M. testified that Jonathan M. was being untruthful about his income and provided a list of companies that had paid Jonathan

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Jonathan M. is self-represented.

M. for his work. Because Jonathan M. appeared telephonically and was unable to review Linda M.'s documentation, he requested a continuance, which the family court granted. The family court also entered an order to show cause on July 27, 2022, wherein it found that Jonathan M. may have been earning income that he never disclosed, that he may have failed to report changes in his income pursuant to a 2016 child support order, and that he may have made false representations and false statements during previous hearings. The family court directed Jonathan M. to provide his tax returns for the years 2019, 2020, and 2021, along with copies of his 1099's within thirty days of the entry of the order. The next hearing was scheduled for September 26, 2022.

Jonathan M. filed objections to the family court's order, as well as a motion to quash and motion to compel, all of which were denied. On September 16, 2022, Jonathan M. filed a motion to disqualify the family court judge. The family court ruled that Jonathan M.'s arguments were without merit and denied his motion to disqualify. The family court then entered a second rule to show cause order, requiring Jonathan M. to show how his motion to disqualify was not in violation of Rule 11 of the Rules of Practice and Procedure for Family Court.[3]

Within a few hours prior to the September 26, 2022, hearing, Jonathan M. filed an emergency injunction for immediate relief with the Circuit Court of Fayette County. Thereafter, the family court *sua sponte* reviewed its prior denial of Jonathan M.'s motion to disqualify and determined that the hearing should be continued because the motion would need to be sent to the Chief Justice of the Supreme Court of Appeals of West Virginia for review, pursuant to Rule 17.01(b) of the West Virginia Trial Court Rules, which is applicable to family court matters through Rule 58 of the West Virginia Rules of Practice and Procedure for Family Court.[4] On September 27, 2022, the Chief Justice

---

[3] Rule 11, in part, requires that that pleadings and motions not be "presented for any improper purpose, such as to harass or to cause unnecessary delay."

[4] Rule 17.01(b) of the West Virginia Trial Court Rules states:

(b) Upon the judge's receipt of a copy of such motion, regardless of whether the judge finds good cause and agrees to the disqualification motion or not, the judge shall:

(1) proceed no further in the matter;

(2) transmit forthwith to the Chief Justice a copy of the motion and certificate, together with a letter stating the judge's response to the motion and the reasons therefor, including such matters and considerations as the judge may deem relevant; and

entered an administrative order denying Jonathan M.'s motion to disqualify. On September 28, 2022, the circuit court entered an order denying Jonathan M.'s motion for injunctive relief as moot. The matter was rescheduled for February 15, 2023. Jonathan M. then filed the following: (1) a motion to dismiss, (2) a motion to terminate, (3) a motion for sanctions, and (4) an amended motion to modify the parenting plan.

At the February 15, 2023, hearing the family court denied all of Jonathan M.'s motions except for the amended motion to modify the parenting plan. The family court then addressed its July 27, 2022, order to show cause, which had required Jonathan M. to disclose his federal income tax return forms and 1099s. However, Jonathan M. had only disclosed the front pages of his 2017, 2018, 2019, and 2020 tax return forms and did not file his 1099s. Jonathan M. stated that he did not comply with the court's request for 1099s because they would not reflect his business expenses. Jonathan M. gave various explanations for his noncompliance with the family court's order for financial documentation. After finally admitting that the 1099 forms provided by Linda M. were accurate, Jonathan M. then argued that the earnings were deposited into his business account and not his personal bank account and refused to provide the name of his business to the family court when questioned.

The family court found Linda M.'s testimony to be credible and that Jonathan M.'s testimony was disingenuous and not credible. The family court further found that Jonathan M. had been misleading the court and Linda M. about his income since at least 2017. As such, the family court imposed a $500 contempt sanction against Jonathan M. and ordered him to submit to the family court copies of complete tax returns for 2019, 2020, and 2021 within ten days. In response to the family court's order, Jonathan M. filed a 179-page response, which included his objections, along with the tax returns.

In his tax returns, Jonathan M. reported significant business income and expenses as the sole proprietor of his business, despite never having informed the family court of the existence of his business during previous hearings on motions he filed seeking to reduce payments to support his children. The family court reviewed all prior child support hearings involving these parties and determined that Jonathan M. had been untruthful with the court about his earnings for several years to the detriment of his children.

By order dated March 13, 2023, the family court ordered the following:

1. That Jonathan M. pay $500 to purge himself of the contempt,
2. Effective June 1, 2022, child support for the minor child will be $347.68.

---

(3) make a copy of the letter part of the record and file same in the office of the circuit clerk with copies to counsel of record and any unrepresented party.

3

3. Between August 2017 and September 2018, child support shall be retroactively modified to $630.68, and

4. Between May 2019 and October 2019, child support shall be retroactively modified to $578.26.

The family court ordered the Bureau for Child Support Enforcement ("BCSE") to prepare new calculations and a final balance owed to Linda M. It is from the March 13, 2023, order that Jonathan M. now appeals.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).[5]

On appeal, Jonathan M. raises nineteen assignments of error which we will address in turn, but not in order.[6] As his first assignment of error, Jonathan M. asserts that Linda M.'s motion to attend the July 6, 2022, hearing in-person rather than telephonically was not sent to him in a timely manner and that the family court erred by granting the motion without providing him proper notice. We find that this argument lacks merit. Upon the family court's realization that Linda M. planned to introduce documentary evidence during the hearing and that Jonathan M. would be unable to review it by telephone, the hearing was continued, and Jonathan M. was not prejudiced by the family court's ruling on this matter. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by

---

[5] We find that the family court order is final insofar as the calculation of past-due child support is ministerial under the terms of the order. *See, e.g.*, Syl. Pt. 3, *C & O Motors, Inc. v. W. Va. Paving Inc.*, 223 W. Va. 469, 677 S.E.2d 905 (2009).

[6] We decline to apply the general presumption of Rule 10(d) of the West Virginia Rules of Appellate Procedure in light of the plain text of the family court's order, Linda M.'s self-represented status, her failed attempt to file a response brief with this Court, Jonathan M.'s submission of an incomplete and insufficient Appendix record, and Jonathan M.'s failure to notify the BCSE of this appeal to defend the family court's order.

family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

Jonathan M.'s second and third assignments of error are similar; therefore, we will address them together. Jonathan M. asserts that Linda M. failed to follow Rule 45(a)(3)[7] of the West Virginia Rules of Civil Procedure when she submitted evidence to the family court that was obtained through an improper subpoena process, and that the family court erred by admitting Linda M.'s documents into evidence. Further, Jonathan M. asserts that he filed motions to quash the subpoenas and the family court failed to explain why the motions to quash were denied. We find that Jonathan M.'s arguments are insufficient to establish reversible error in the family court's order. *See Mark G. v. Lacy G.*, No. 18-0598, 2019 WL 4257296, at *2 (W. Va. Sept. 9, 2019) (memorandum decision) (holding that it is within the province of the family court to determine questions of relevance for discovery purposes and the family court did not exceed its legitimate powers in refusing to quash a subpoena without holding a hearing on the motion to quash).

Next, we address assignments of error numbered four, five, six, and eight, as they are similar. In these assignments of error, Jonathan M. argues that the family court violated Rule 17.01(b) of the West Virginia Trial Court Rules, which addresses motions for disqualification. Specifically, Jonathan M. argues that the family court erred when it outright denied his motion to disqualify and proceeded with the hearing, which forced him to file an emergency motion for injunctive relief in circuit court. Further, Jonathan M. argues that the family court failed to make a copy of its response letter part of the record, file it with the clerk's office, or provide a copy to the parties. We decline to further address these assignments of error because the issue is moot. The family court reconsidered Jonathan M.'s motion to disqualify and rescinded the order to show cause. Thereafter, the Chief Justice of the Supreme Court of Appeals of West Virginia issued the administrative order, denying the motion for disqualification. Moreover, any procedural error of the family court was later cured by its rescission of the premature order to show cause and was accordingly rendered harmless.

Regarding Jonathan M.'s seventh, seventeenth, and eighteenth assignments of error, he states that he overheard the family court judge talking to his staff about his case in an inappropriate manner, that the family court engaged in ex parte communication with Linda M., and that the family court judge deleted an entry from the docket sheet. These three assignments of error lack any supportive legal authority and we, therefore, decline to address them on appeal. *See State v. Sites*, 241 W. Va. 430, 442 825 S.E.2d 758, 770 (2019)

---

[7] Rule 45(a)(3) of the West Virginia Rules of Civil Procedure states, "[t]he clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service."

(declining to address an assignment of error that includes no legal authority to support the argument).

Next, we address Jonathan M.'s ninth assignment of error, wherein he asserts that the family court erred by only requiring him (and not Linda M.) to submit tax returns. We disagree. The record reflects that the family court found that Jonathan M. had not been truthful on multiple occasions regarding his income and determined that he lacked credibility. Therefore, we find no error in the family court's decision to order Jonathan M. to submit reliable proof of his income available to support his children. "We do not disturb such credibility determinations on appeal because '[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.'" *In re F.N.*, 247 W. Va. 620, 627, 885 S.E.2d 558, 565 (2022) (citing *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997)).

Regarding Jonathan M.'s tenth and fifteenth assignments of error, he first asserts that the family court erred when it chose to classify him as the "sole member" of his company rather than "a member." Additionally, Jonathan M. asserts that the family court wrongfully cast his business expenses as being "excessive" and that it misinterpreted his 1099's. Upon our review of the record, the evidence Jonathan M. reluctantly submitted was heavily redacted and the family court did not err based upon the limited evidence provided. *See Young v. Young*, 194 W. Va. 405, 460 S.E.2d 651 (1995) (holding that a party who does not cooperate in a proceeding cannot later complain about the results). Jonathan M. repeatedly provided insufficient financial information to the family court and was consistently uncooperative with the family court's reasonable directives. Moreover, the ultimate rulings in the family court's March 13, 2023, order are not dependent upon the family court's characterization of Jonathan M.'s business interest nor of the reasonableness of his business expense deductions for federal income tax purposes. Therefore, Jonathan M. failed to establish that the family court abused its discretion regarding these two assignments of error.

Next, we address Jonathan M.'s eleventh and nineteenth assignments of error. In these assignments of error, Jonathan M. states that Linda M.'s filings did not include certificates of service, that he did not receive parts of her filings, and that he had to obtain copies of the filings at his own expense. However, the record reflects that, on at least two occasions, when Jonathan M. informed the family court that the discovery he received was missing pages, the family court continued the hearing to allow Jonathan M. ample time to obtain and review said discovery. Therefore, we find any deficiency regarding the certificates of service to have been cured or otherwise considered to be harmless error.

Lastly, we combine Jonathan M.'s twelfth, thirteenth, fourteenth, and sixteenth assignments of error in which he states that the family court has not addressed his amended petition for modification, the stimulus money that Linda M. allegedly received, his recently

6

filed objections, or truancy charges involving Child Protective Services. We find that these assignments of error also lack merit. Upon review of the hearings below, the family court stated on the record that it would address all other remaining issues between the parties, besides child support, in a later hearing. Further, paragraph eight of the family court's final order states, "the Court shall schedule a hearing on the competing petitions/motions regarding child custody," which indicates that the family court will address these additional matters at a later date. Therefore, we decline to address these assignments of error as they are not ripe in this appeal.

Accordingly, we affirm the family court's March 13, 2023, order.

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen