IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL B. WILBER,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-270**          (Cir. Ct. of Jefferson Cnty. Case No. CC-19-2022-C-97)

**LOCUST HILL UNIT OWNER'S ASSOCIATION, INC.,**
**Plaintiff Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Michael B. Wilber appeals multiple orders from the Circuit Court of Jefferson County. Specifically, he appeals the January 11, 2024, order dismissing his counterclaim against Respondent Locust Hill Unit Owner's Association, Inc. (the "Association"); the pre-trial conference order dated April 18, 2024; and the May 6, 2024, order following an advisory jury trial. The Association filed a response.[1] Mr. Wilber filed a reply.

After considering the record on appeal and the applicable law, we find that deficiencies in the record prevent this Court from engaging in a meaningful appellate review to determine whether there is a substantial question of law or prejudicial error. As explained below, a memorandum decision remanding this matter to the circuit court with directions to enter a detailed trial order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Briefly, Mr. Wilber owns a lot within the Locust Hill subdivision, which is organized as a common interest community. *See generally* W. Va. Code §§ 36B-1-101 to -4-120. Subdivision owners are members of the Association, and their lots were conveyed subject to a Declaration, which contains certain restrictive covenants running with the land. At issue in this case is a Declaration covenant which prohibits Locust Hill owners from displaying "political campaign signs" on their property.

This case centers on a "Let's Go Brandon" flag flown by Mr. Wilber on his property. The Association believes that the flag's message constitutes a political campaign sign and is prohibited by the Declaration. After multiple unsuccessful attempts to get Mr. Wilber to remove the flag, the Association filed a complaint in circuit court seeking an injunction

---

[1] Mr. Wilber is represented by James P. Campbell, Esq., Daniel M. Casto, Esq., and Matthew L. Clark, Esq. The Association is represented by Christopher Stroech, Esq., and Elizabeth S. Skilling, Esq.

prohibiting Mr. Wilber from displaying the flag. Thereafter, the record reflects that the parties filed responsive pleadings and motions. This included competing motions for summary judgment which were simultaneously filed by the parties on September 22, 2023.

The circuit court held a hearing on October 31, 2023, to address the motions for summary judgment. However, the circuit court did not rule on the motions. Rather, the circuit court directed the Association to hold a hearing on Mr. Wilber's alleged violation as required by the Declaration. The prospect of empaneling an advisory jury was also mentioned at this hearing.

On January 10, 2024, the Association advised the circuit court that the hearing had been held and that it had been determined that the flag violated the Declaration's prohibition on political campaign signs. Thereafter, the circuit court empaneled an advisory jury. *See* W. Va. R. Civ. P. 39(c).[2]

The jury was asked to answer the following special interrogatories: (1) "Is the flag at issue a sign pursuant to the covenants?"; and (if yes to #1) (2) "Is a 'Let's Go Brandon' flag a political campaign sign prohibited by the covenants?" At trial, Mr. Wilber's counsel raised numerous objections, as well as moved for judgment as a matter of law. It was Mr. Wilber's contention that there was no indication that the Declaration's terms were ambiguous, and that it was a threshold question of law not sufficiently addressed by the circuit court. The court overruled these related objections and denied Mr. Wilber's motion for judgment as a matter of law. Following a two-day trial, the jury answered both interrogatories in the affirmative. In an order dated May 6, 2024, the circuit court entered a trial order which memorialized the jury's verdict, adopted the jury's findings, and granted the Association injunctive relief by ordering Mr. Wilber to remove the flag. Mr. Wilber's post-trial motions, including a renewed motion for judgment as a matter of law and motion for directed verdict were denied, and this appeal followed.

On appeal, Mr. Wilber raises several assignments of error. Largely, it is Mr. Wilber's contention that the Declaration's terms are unambiguous and that they plainly do not prohibit Mr. Wilber's flag. Therefore, he contends there was no ambiguity and, thus, there was no need for an advisory jury. He also contends that the circuit court failed to address whether the Declaration was ambiguous, which was required by law and is the threshold issue in this case. We agree.

Upon review, we conclude that circuit court's May 6, 2024, trial order fails to conform with the relevant provisions of Rule 52(a) of the West Virginia Rules of Civil

_____

[2] The circuit court's proceedings were governed by the version of Rule 39 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 39 was amended by the Court, effective January 1, 2025, no changes were made that affect this appeal.

Procedure,[3] which state: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58."

In this case, the circuit court used an advisory jury to determine certain factual questions as they related to the application of the Declaration's terms to the facts of the case. However, "[i]n the construction of a deed or other legal instrument, the function of a court is to ascertain the intent of the parties as expressed in the language used by them." *Davis v. Hardman*, 148 W. Va. 82, 89, 133 S.E.2d 77, 81 (1963). "Consistent with contract principles, interpretation as opposed to application is premised on whether there is ambiguity. . . . Only upon a finding of ambiguity may a circuit court seek aid of explanation beyond the four corners of the [instrument]." *Hansen-Gier Family Trust of April 22, 2016, by Hansen v. Haywood*, 250 W. Va. 42, __, 902 S.E.2d 174, 180 (2024). "Moreover, subject to any underlying factual determinations which may arise, it is the province of the circuit court, and not of a jury, to interpret a written contract." *Wood v. Acordia of W. Va., Inc.*, 217 W. Va. 406, 411, 618 S.E.2d 415, 420 (2005) (citations omitted). "The mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court." Syl. Pt. 1, *Berkeley Cnty. Pub. Serv. Dist. v. Vitro Corp.*, 152 W. Va. 252, 162 S.E.2d 189 (1968).

Here, the record is completely devoid of any analysis or affirmative determination by the circuit court regarding its interpretation of the Declaration, especially with respect to the issue of ambiguity. This determination is imperative for this Court to understand the circuit court's rationale for concluding that consideration of extrinsic evidence and use of an advisory jury was necessary to interpret and apply the contractual provisions of the Declaration in this case. Thus, the circuit court's failure to enter a detailed trial order with sufficient findings of fact and conclusions of law addressing this significant question of law impedes this Court's ability to conduct a meaningful appellate review of this case on the merits. Simply stated, without this threshold determination we are unable to determine whether the circuit court's findings of fact are clearly erroneous or if its ultimate disposition is an abuse of discretion. *See* Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997) (setting forth applicable appellate standard of review for challenges to the findings and conclusions contained in a circuit court's final order.).

Therefore, we conclude that remand is necessary for the circuit court to enter an appropriate order addressing these key issues and setting forth findings of fact and

---

[3] The circuit court's proceedings were governed by the version of Rule 52 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 52 was amended by the Court, effective January 1, 2025, no changes were made that affect this appeal.

conclusions of law sufficient to allow for meaningful appellate review should either party elect to file a new appeal.[4]

Accordingly, we remand this matter to the circuit court with directions to enter an appropriate order, consistent with this decision.

Remanded with Directions.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] In light of remand, there is no final judgment which terminates the litigation between the parties. W. Va. Code § 58-5-1 (2022). Therefore, we will not address Mr. Wilber's arguments as they relate to other circuit court rulings and orders in this appeal. *See C & O Motors, Inc. v. W. Va. Paving, Inc.*, 223 W. Va. 469, 473, 677 S.E.2d 905, 909 (2009) (citations omitted) ("This rule, commonly referred to as the 'rule of finality,' is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation[.]' ").