**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Stjepan Sostaric,**
**Defendant Below, Petitioner**

**FILED**

**November 2, 2017**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)**     **No. 16-0685** (Morgan County 12-C-160)

**Sally Marshall,**
**Plaintiff Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Stjepan Sostaric appeals the June 21, 2016 order of the Circuit Court of Morgan County granting Respondent Sally Marshall's renewed motion for summary judgment and awarding Ms. Marshall a deficiency judgment in the amount of $175,407.45, attorneys' fees, court costs, and pre- and post-judgment interest.   Both Mr. Sostaric and Ms. Marshall appear pro se on appeal.

Upon consideration of the parties' briefs, oral argument,[1] and the record presented, the Court finds no substantial question of law and no prejudicial error.   For these reasons, in these limited circumstances, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

For purposes of the issues before us, we summarize the facts.[2]   Mr. Sostaric and his former wife (collectively, "the Sostarics")[3] owned real property located at 99 Garden Drive, Berkeley Springs, West Virginia. The Sostarics used the property as collateral to

---

[1] This Court filed a memorandum decision in this case on March 24, 2017, which was withdrawn for further consideration of the matter which included oral argument on October 3, 2017.

[2] We provided a full recitation of the underlying facts in *Sostaric v. Marshall*, 234 W.Va. 449, 450-52, 766 S.E.2d 396, 397-99 (2014) ("*Sostaric I*").

[3] At the time of the underlying proceedings, Mr. Sostaric and his former wife, Nancy McCoy-Sostaric, were in the midst of divorce proceedings.

1

secure a $200,000 loan from Ms. Marshall.[4]   The Sostarics executed both a promissory note and a deed of trust. Subsequently, the Sostarics defaulted and Ms. Marshall directed the trustee to foreclose on the property. At the foreclosure sale on October 17, 2012, Ms. Marshall purchased the property for $60,000.[5]  Of this amount, $58,260.75 was distributed to Ms. Marshall as the holder of the note that was secured by the deed of trust; the remainder was applied to the costs of the sale.[6]

Thereafter, Ms. Marshall filed an action against the Sostarics for a deficiency judgment in the amount of $175,407.45 and attorneys' fees in the amount of $1,749.25.[7] Subsequently, Ms. Marshall filed a motion for summary judgment. By order entered on January 16, 2014, the circuit court awarded summary judgment to Ms. Marshall based upon sworn affidavits. Accordingly, the circuit court awarded Ms. Marshall $175,407.45 for the deficiency judgment, $1,749.25 for attorneys' fees, and court costs and pre- and post-judgment interest.

The Sostarics appealed the circuit court's January 16, 2014 order granting summary judgment resulting in our prior decision in *Sostaric I*. The Sostarics argued that the property was sold for less than its fair market value at the foreclosure sale and that, accordingly, the amount of the deficiency judgment awarded was too high and should have been adjusted to reflect the property's fair market value at the time of the sale. *Id.* at 450, 766 S.E.2d at 398. Following full briefing and argument, we reversed the award of summary judgment to Ms. Marshall holding that "[a] trust deed grantor may assert, as a defense in a lawsuit seeking a deficiency judgment, that the fair market value of the secured real property was not obtained at a trust deed foreclosure sale." *Id.* at 450, 766 S.E.2d at 397, syl. pt. 1 (overruling Syl. Pt. 4, *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 350, 484 S.E.2d 232, 233 (1997)).

---

[4] In *Sostaric I*, we found that the Sostarics used the property, which they purchased in March 2006 for $155,900, as their primary residence.  234 W.Va. at 451 n.3, 766 S.E.2d at 398 n.3.

[5] In *Sostaric I*, we found that the foreclosure sale complied with the law and that the title to the property was legally conveyed to Ms. Marshall.  234 W.Va. at 452 n.9, 766 S.E.2d at 399 n.9.

[6] The "Disclosure Form Trustee Report of Sale" indicated that the total secured indebtedness at the time of the foreclosure "[was] $231,660.68."

[7] Ms. Marshall was represented by an attorney at the time she filed her deficiency judgment action.

Following remand to the circuit court, Ms. Marshall filed a renewed motion for summary judgment claiming that the Sostarics failed to provide any evidence that the property's fair market value was greater than the foreclosure sale price. By order entered on October 16, 2015, the circuit court held the renewed motion for summary judgment in abeyance for thirty days to allow the Sostarics to obtain an expert opinion regarding "the fair market value of the property at the time of the [October 17, 2012] foreclosure sale." After the Sostarics filed an appraisal valuing the property at $149,000 as of November 12, 2015, the circuit court denied Ms. Marshall's renewed motion for summary judgment by order entered on December 15, 2015.

On December 28, 2015, Ms. Marshall filed a motion for reconsideration of the December 15, 2015 order denying her renewed motion for summary judgment. Ms. Marshall asserted that the appraisal failed to create a genuine issue of material fact because the appraiser failed to value the property as of the date of the foreclosure, as directed by the circuit court. By order entered on June 21, 2016, the circuit court granted Ms. Marshall's motion for reconsideration and awarded her summary judgment. The circuit court found that the appraisal setting the property's fair market value as of November 12, 2015 was insufficient to show what the fair market value was at the time of the foreclosure sale three years earlier. The circuit court again awarded Ms. Marshall a deficiency judgment in the amount of $175,407.45, attorneys' fees in the amount of $1,749.25, and court costs and pre- and post-judgment interest.

Mr. Sostaric[8] now appeals the circuit court's order awarding summary judgment to Ms. Marshall.[9] "A circuit court's entry of summary judgment is reviewed *de novo*." Syl.

---

[8] Mr. Sostaric asserts that he is also appealing the circuit court's June 21, 2016 order on his former wife's behalf. We find that Mr. Sostaric may not represent his former wife in this appeal. *See* Syl. Pt. 3*, Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 724 S.E.2d 733 (2012) (holding that non-lawyers may not represent others in court proceedings). By scheduling order entered on August 5, 2016, we afforded Ms. McCoy-Sostaric the opportunity to join Mr. Sostaric's appeal by August 22, 2016. Ms. McCoy-Sostaric did not do so.

[9] We note Mr. Sostaric's argument that the circuit court erred in granting Ms. Marshall's motion to reconsider its earlier December 15, 2015, order on the ground that Ms. Marshall presented no new evidence in asking for reconsideration. Ms. Marshall counters that, because the denial of her renewed summary judgment motion was interlocutory, the circuit court possessed the inherent procedural power to reconsider its December 15, 2015, order for any cause seen by it to be sufficient. *See* Syl. Pt. 4, *Hubbard* (Continued . . .)

Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Evolution of the West Virginia Rule Regarding Deficiency Judgments

"A deficiency judgment is an imposition of personal liability upon a mortgagor for an unpaid balance of a secured obligation after foreclosure of the mortgage has failed to yield the full amount of the underlying debt." *Sostaric I*, 234 W.Va. at 452, 766 S.E.2d at 399 (quoting Lawrence R. Ahern, III, *The Law of Debtors and Creditors*, § 8:20 (2014)) (internal quotations omitted).[10] A majority of jurisdictions permit the sale price of a foreclosed property to be challenged in a deficiency judgment action. *Sostaric I*, 234 W.Va. at 453, 766 S.E.2d at 400; *Lilly*, 199 W.Va. at 355, 484 S.E.2d at 238.

However, in Syllabus Point 4 of *Lilly*, we declined to adopt the majority rule and held that "[a] grantor [of a deed of trust] may not assert, as a defense in a deficiency judgment proceeding, that the fair market value of real property was not obtained at a trustee foreclosure sale." 199 W.Va. at 350, 484 S.E.2d at 233. In *Sostaric I*, we determined that Mr. Sostaric's argument required us to revisit our holding in *Lilly*. 234 W.Va. at 455, 766 S.E.2d at 402. We found "good and sufficient cause" to overrule syllabus point 4 of *Lilly*. *Id.* at 456, 766 S.E.2d at 403. We summarized our reasoning as follows:

> Our ruling herein is consistent with the majority view of other jurisdictions, with section 8.4 of the *Restatement* [*(Third) of Property: Mortgages*], and with prior decisions from this Court that have applied common law principles of equity to permit an action to set aside a real property foreclosure sale. Our ruling will also prevent a creditor from receiving a windfall and being unjustly enriched at the expense of an already financially distressed grantor.

*Id.* at 458, 766 S.E.2d at 405. We found that it was proper to apply common law principles

v. *State Farm Indemnity Co.*, 213 W.Va. 542, 584 S.E.2d 176 (2003). We agree with Ms. Marshall and find that the circuit court did not err in granting her motion for reconsideration.

[10] We explained in *Sostaric I* that the primary difference between a deed of trust and a mortgage is that "the holder of a trust deed does not have to apply to a court in order to foreclose, whereas the holder of a mortgage is required to apply to a court in order to foreclose." *Sostaric I*, 234 W.Va. at 452 n.10, 766 S.E.2d at 399 n.10.

of equity to allow a trust deed grantor to raise the defense that the property's fair market value was greater than the foreclosure sale price in the absence of any statutory provision to the contrary. *Id.* at 456, 766 S.E.2d at 403. In dissent, Justice Davis stated that the Legislature had the responsibility of changing "requirements and parameters of a trustee [foreclosure] sale." *Id.* at 463, 766 S.E.2d at 410.

Following our decision in *Sostaric I*, the Legislature amended West Virginia Code 38-1-7 to add subsection (b) which provides as follows:

> A trust deed grantor, the obligor on the debt secured by the deed of trust, including any maker, comaker, guarantor, surety or other accommodation party, or other defendant in a civil action seeking a deficiency judgment on the debt secured by the deed of trust, may not assert as a defense that the fair market value of secured real property was not obtained at a trust deed foreclosure sale conducted in accordance with this article.

W.Va. Code § 38-1-7(b) (as enacted by 2015 W.Va. Acts ch. 167). The parties agree that the Legislature has abrogated Syllabus Point 1 of *Sostaric I*. We concur and find that Syllabus Point 1 of *Sostaric I*—holding that a trust deed grantor may, in a deficiency judgment action, assert the defense that the property's fair market value was greater than the foreclosure sale price—was abrogated by West Virginia Code 38-1-7(b) as of that statute's effective date on June 11, 2015. However, as noted by Mr. Sostaric, Syllabus Point 1 of *Sostaric I* continues to govern the instant case and cases arising between the issuance of our opinion in *Sostaric I* and the date that West Virginia Code 38-1-7(b) became effective. *See Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W.Va. 80, 93, 576 S.E.2d 807, 820 (2002) (finding that substantive amendments by Legislature that have effect of abrogating holdings of this Court apply only prospectively absent clear expression of legislative intent that amendments apply retroactively).

<u>Circuit court's application of Syllabus Point 1 of *Sostaric I* on remand</u>

In Syllabus Point 1 of *Sostaric I*, we held that "[a] trust deed grantor may assert, as a defense in a lawsuit seeking a deficiency judgment, that the fair market value of the secured real property was not obtained at a trust deed foreclosure sale." 234 W.Va. at 450, 766 S.E.2d at 397. In Syllabus Point 2, we held that the defendant has the affirmative duty to raise the defense and that, if the defense is not raised, "the foreclosure sale price, rather than the property's fair market value, will be used to compute the deficiency." *Id.*; *HSBC Bank USA v. Resh*, No. 3:12-cv-00668, 2016 WL 525829, at *4 (S.D. W.Va. February 8, 2016) (same). Given that Mr. Sostaric seeks to benefit from an affirmative defense, he bears the burden of establishing it. *Grim v. Eastern Electric, LLC*, 234 W.Va. 557, 567, 767 S.E.2d 267, 277 (2014).

5

Within the context of summary judgment, if Mr. Sostaric cannot show that a genuine issue of material fact exists as to whether the property's fair market value was greater than the foreclosure sale price, the circuit court properly awarded summary judgment to Ms. Marshall.  As we held in Syllabus Point 4 of *Painter*, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." 192 W.Va. at 190, 451 S.E.2d at 756.

Mr. Sostaric concedes that he must point to evidence in the record tending to show the property's fair market value at the time of the foreclosure sale.  *See Restatement (Third) of Property: Mortgages* § 8.4, cmt. b (stating that fair market value is determined at time of foreclosure sale).  Mr. Sostaric further concedes that the appraisal valued the property as of November 12, 2015. However, Mr. Sostaric points to general comments made by the appraiser within the appraisal report regarding the depressed or stagnate state of the local real estate market "over the past five years."   Mr. Sostaric contends that it can be inferred from these comments that the property was also worth approximately $149,000 at the time of the October 17, 2012, foreclosure sale at which Ms. Marshall purchased the property for $60,000. We disagree.

While we draw permissible inferences from the underlying facts in the light most favorable to the non-moving party,[11] we find that Mr. Sostaric's interpretation of the appraiser's general comments regarding the local real estate market is not permissible given his specific statements about the appraisal's purpose and limitations.  As an initial matter, the appraiser specifically states that the appraisal's intended use is to aid Mr. Sostaric in determining the property's "current" market value and checks the box on the appraisal form indicting that "current" market value is determined as of the date he inspected the property (November 12, 2015). Subsequently, regarding the scope of his report, the appraiser states that "[t]he Opinion of Value that is the conclusion of this report is credible only within the context of . . . the Intended Use[.]" Thus, we find that Mr. Sostaric's appraiser specifically disclaims the use of his report to determine the fair market value of the property as of October 17, 2012.   Given this disclaimer in the appraisal report, we agree with the circuit court's finding that Mr. Sostaric "ha[s] failed to bring forth any evidence of the value of the property *at the time of the foreclosure sale*." (emphasis in original). Therefore, we find that the record taken as a whole could not lead a rational trier of fact to find for Mr. Sostaric on the issue of an affirmative defense that he has the burden

---

[11] *See Painter*, 192 W.Va. at 192, 451 S.E.2d at 758.

of establishing. Accordingly, we conclude that the circuit court did not err in awarding summary judgment to Ms. Marshall.

For the foregoing reasons, we affirm the circuit court's June 21, 2016 order awarding Ms. Marshall a deficiency judgment in the amount of $175,407.45, attorneys' fees in the amount of $1,749.25, and court costs and pre- and post-judgment interest.

Affirmed.

**ISSUED: November 2, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**Justice Ketchum, concurring separately in writing:**

The majority opinion correctly affirmed the summary judgment in favor of Sally Marshall (the plaintiff). The appraisal expert offered on behalf of Stjepan Sostaric (the defendant) did not use the foreclosure date to calculate the fair market value of the property. Rather, the expert determined the property's value on a date three years after the date of foreclosure. The expert's opinion was, therefore, wholly irrelevant and inadmissible.

Nevertheless, I believe there was reversible error – error, unfortunately, that the defendant failed to raise. In West Virginia, "our law has long recognized the admissibility of a landowner's opinion concerning the value of his land."[12] The defendant had the right to give his opinion about his property's value on the date of the foreclosure. If he'd done so, he would have been entitled to a jury trial. However, our law requires that a party resisting a summary judgment must present some evidence there are genuine issues of fact in dispute.[13] The defendant waived this potential error and his right to testify about the

[12] *Gomez v. Kanawha County Commission*, 237 W.Va. 451, 471, 787 S.E.2d 904, 924 (2016).

[13] *Williams v. Precision Coil Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1985).

7

property's value because he neither raised nor mentioned this issue to the judge during the summary judgment proceedings.   He was silent on a landowner's right to testify as to fair market value.   That silence left the trial judge, and this Court, no alternative.   I am authorized to state that Justice Workman joins me in this concurrence.